FRANCIS BARTLETT, TRUSTEE, *vs.* WILLIAM A. SLATER
AND ANOTHER, EXECUTORS.

A testator by his will gave one million dollars to *B*, his son-in-law, in trust "to pay the income therefrom, or such portion thereof as he may think best, and at such times as he sees fit, to my granddaughter *C. B.* during her life." The granddaughter was the daughter of *B*, and an infant. The will further provided that the bequest should be payable to *B* within one year from the testator's death at the convenience of the executors, who were authorized to pay it in stocks or bonds belonging to the estate at their cash value, or in cash, as might be preferred. Held that the bequest did not carry interest until the end of a year from the testator's death.

The gift of the income from the money was not a gift of an annuity.

[Argued May 26th—decided August 28th, 1885.]

AMICABLE SUBMISSION to the Superior Court upon the following agreed statement of facts:

On January 10th, 1884, John F. Slater, of Norwich, duly executed the following will:

" I, John F. Slater, of Norwich, Connecticut, being of sound and disposing mind and memory, do make and de-

---

* Judge HOVEY of the Superior Court sat in the place of Judge PARDEE, who was absent on account of illness.

clare this to be my last will and testament, hereby revoking all wills by me heretofore made.

" *First.* I direct that my just debts and funeral expenses be paid by my executors out of my estate.

" *Second.* I give and bequeath to my son-in-law, Francis Bartlett, of Boston, Massachusetts, two hundred thousand dollars.

" *Third.* I give and bequeath to said Francis Bartlett the further sum of ten hundred thousand dollars, in trust however, to hold, sell, invest and re-invest the same at public or private sale, from time to time, in such manner as he may deem prudent, and to pay the income arising therefrom, or such portion thereof as he may consider best, and at such times as he sees fit, to my granddaughter, Caroline Bartlett, during her natural life. Any portion of said income which shall not be so paid over to her by said trustee shall be invested by him and form part of said trust estate, with like power as to investments, sale and re-investment. The power hereby given to my said son-in-law as trustee to pay over the income of said trust fund to my said granddaughter at such times and in such amounts as he shall deem wise, is not given to any other trustee under this will; but any such other trustee shall pay over the whole income of said trust fund to my said granddaughter Caroline during her life, quarterly, and not by way of anticipation, taking her sole and separate receipt therefor, whether under coverture or otherwise. Upon the decease of my said granddaughter, if she shall survive me, leaving issue, otherwise upon my death, if my said granddaughter shall leave issue surviving me, then to pay over and distribute said trust fund and any undistributed income thereof to and among or in trust for such issue of my deceased granddaughter, in pursuance of the terms of any instrument in the nature of a will executed by such deceased granddaughter, according to the laws of this state, or, in the absence of such instrument executed by her, then to pay over and distribute the same equally among such issue. If my said granddaughter shall die before me, leaving no issue

surviving me, or shall survive me and die leaving no issue surviving her, then upon the happening of either contingency, three hundred thousand dollars of said trust fund shall be paid to said Francis Bartlett, as and for his own estate, and the remainder of said trust fund, principal and interest, shall be paid over and distributed by said trustee to my heirs at law.

" *Fourth.* In case of the death, resignation or inability of the said Francis Bartlett to act as such trustee, I authorize and empower the court of probate for the district of Norwich to appoint some suitable person or persons trustees to execute said trust.

" *Fifth.* The legacies aforesaid are to be paid within one year from my decease, at the convenience of my executors, and said executors are authorized to pay the same in stocks or bonds belonging to my estate at their cash value, or in cash, as may be preferred.

" *Sixth.* I give, devise and bequeath to my son, William A. Slater, all the residue of my estate, real and personal, to him and his heirs forever.

" *Seventh.* I hereby constitute and appoint said William A. Slater and Alfred A. Young executors of this my last will and testament, and I desire that no bonds shall be required of them. I also desire and direct that said Francis Bartlett shall be exempt from giving bonds as trustee under this will, but this exemption is not to apply to any other trustee. JOHN F. SLATER. [L. S.]"

John F. Slater died on May 7th, 1884, leaving a large estate, real and personal, and his will has been duly probated, and the executors therein named have accepted the trusts, been duly qualified, and have proceeded to settle the estate according to law. Francis Bartlett, named in the will as trustee to hold and manage the estate therein bequeathed in trust, has accepted the trust, and duly qualified.

The testator, at the time of the execution of the will, was of the age of sixty-eight years and ten months, and Caroline Bartlett, the granddaughter, was, at that time, of the age of thirteen years and eight months. Mr. Bartlett was,

at the time of the execution of the will, and ever since has been, of sufficient ability to provide for the proper support and education of said Caroline.

The personal estate of the testator, consisting among other assets of the bonds and stocks drawing interest or income referred to in the will, after the payment of all debts and the other legacies therein bequeathed, exceeded the amount of the bequest of ten hundred thousand dollars to said Bartlett in trust.

The sum of ten hundred thousand dollars bequeathed to Mr. Bartlett in trust, has, to a considerable extent, been paid over by the executors to the trustee.

Mr. Bartlett, as trustee under the will, claims that the trust fund is entitled to interest from the death of the testator to the time of its payment, and has demanded payment of the same. The executors claim that the trust fund is not entitled to interest from the death of the testator, but only from one year after his death, and have refused to pay the same.

The Superior Court reserved the case for the advice of this court.

*F. Bartlett, pro se.*

*J. Halsey* and *W. A. Briscoe*, for the defendants.

PARK, C. J. The will of John F. Slater bequeathed the sum of one million dollars to his son-in-law, Francis Bartlett, the plaintiff in this suit, in trust to pay the income arising therefrom, or such portion thereof as he, the trustee, might consider best, to the testator's granddaughter, the daughter of Mr. Bartlett, during her natural life.

In another clause of the will this bequest is made payable to the trustee, by the executors of the will, within one year after the death of the testator, at the convenience of the executors, and they are authorized to pay it in stocks or bonds belonging to the estate at their cash value, or in cash. as might be preferred.

The sole question in the case is, whether the .trustee is entitled to interest on this bequest from the death of the testator, or from the end of one year thereafter.

The general rule on the subject is thus stated in Williams on Executors :—" When no time of payment of the legacy is fixed by the will, the executor is allowed one year from the death of the testator to ascertain and settle his affairs ; at the end of which time the court, for the sake of general convenience, presumes the personal estate to have been reduced to possession. ·Upon that ground interest is payable from that time, unless some other· period is fixed by the will. Nor will interest be payable from an earlier date though there is a direction in the will to pay the legacy as soon as possible." 2 Williams on Exrs., 1424. See also 2 Redfield on Wills, 465, 471 ; 1 Swift's Digest, 455.

There are some exceptions to this general rule. One is, where a legacy is given in satisfaction of a debt. Another is, where a legacy is given to the testator's minor child, or to one to whom the testator is in loco parentis, and there is no other provision for the maintenance of the legatee. Another is, where the legacy is an annuity; and still another, where the bequest is of the residue of the testator's estate, or of some aliquot part thereof, in trust to pay the interest or income to the legatee for life with remainder over at his ·death.

In all these cases the rule is to allow interest from the death of the testator. But no one of these exceptions to the general rule applies to the case under consideration. It is claimed, however, that the legacy, being given to a third person to pay the income to the beneficiary during her natural life, is in the nature of an annuity, and that so the rule in relation to annuities should apply.

The language of the bequest is as follows :—" To pay the income arising therefrom, or such parts thereof as he [the trustee] may consider best, and at such times as he sees fit, to my granddaughter during her natural life." This bequest grants discretionary power to the trustee to pay to the beneficiary such portion of the income as he may consider

best. He may pay over the whole, or any portion thereof, or none at all, according to his discretion. The time of payment, too, is left wholly to the discretion of the trustee. The bequest has but few of the elements of an annuity, which is " a yearly payment of a certain sum of money granted to another in fee, or for life, or for a term of years, charging the person of the grantor only." 2 Williams on Exrs., 809.

In the case of *Booth* v. *Ammerman,* 4 Bradford, 129, the court says :—" The income or interest of a certain fund is not an annuity, but simply profits to be earned, and, although directed to be paid annually, that relates only to the mode of payment, and does not change the character of the bequest. In such a case it does not become the duty of the executor to invest the principal fund until the end of a year, and the interest does not become payable until the end of the second year." Redfield (on Wills, vol. 3, 186,) says :—" In the case of an annuity bequeathed, it begins from the death of the testator, and the first payment becomes due in one year thereafter ; but when the interest or net income of a certain sum is given, it will not begin to run till the end of the first year from the death of the testator, and the first payment consequently becomes due in two years from that date."

Lord ELDON, in *Gibson* v. *Batt,* 7 Ves., 96, drew the distinction between an annuity and a legacy for life, which has been cited in every thoroughly considered case since. He says :—" If an annuity is given, the first payment is payable at the end of the year from the death ; but if a legacy is given for life, with the remainder over, no interest is due till the end of two years. It is only the interest of the legacy; and till the legacy is payable there is no fund to produce interest."

We think it is clear that the legacy in question cannot be regarded as an annuity.

The trustee further claims that the clause in the will which declares that " the legacies as aforesaid are to be paid within one year from my decease, at the convenience

of my executors, and said executors are authorized to pay the same in stocks and bonds belonging to my estate at their cash value or in cash as may be preferred," shows that the testator intended that the legacy in question should be paid at some period or periods during the year, and not after the expiration of the year. He thus presents the point in his brief:—" The period of payment within the year was to be governed by the convenience of the executors, and, as bearing upon that convenience, payment in the bonds and stocks of the testator was distinctly authorized. The case as submitted shows that, after payment of all debts and other legacies, there existed in the hands of the executors interest-bearing and dividend-paying bonds and stocks largely in excess of the sums necessary to create the trust fund. Can it be said that the testator intended that the interest and income of these stocks and bonds should be retained by the executors and added to the *corpus* of the estate until the last day within the year after his death, and then that the fund should be paid to the trustees in those stocks and bonds or in cash? We submit that, fairly construed, it indicates an intent that the *cestui que trust* should enjoy the interest and income of the trust fund before the expiration of the year."

Still the will expressly gave the executors one year after the death of the testator in which to pay the legacy to the trustee. Payment on the last day or last hour of the year would be within the will. That payment may be made at the convenience of the executors can make no difference. They were to be the judges of their convenience. Whenever they should make payment within the year, it would be presumed that then was the convenient time for payment. They were only restricted to the year. But the will declares that payment may be made in bonds and stocks at their cash value at the time payment shall be made within the year. The bonds were interest-paying bonds, and the stocks were dividend-paying stocks. The cash value of such bonds and stocks, at any particular time, is made up of their value as representing principal or

capital and the accruing interest or dividend. The value thus varies with the nearness or remoteness of the time when the next dividend will be declared or the next interest become payable. But the will takes no notice of this enhancement of value. The payment of one million dollars may be made in their cash value at the time of such payment; no more and no less. And if payment shall be made in cash on the last day of the year after the death of the testator, the payment shall be of the sum of one million dollars; no more and no less. The will declares that such payment in either mode shall be full payment of the bequest. How then can interest be claimed by the terms of the will?

This would seem to be a full and complete answer to the further claim of the trustee, that a proper construction of the bequest in question shows it to be a bequest for the maintenance of the granddaughter of the testator, and that so the bequest carries interest from the death of the testator, not by presumption of law, but by the will itself.

The answer is, that if the trustee is right in his claim, that the will itself shows the bequest to be given for the maintenance of the granddaughter, still the will itself declares that the payment of one million dollars in cash, or in stocks and bonds at their cash value, at any time within one year from the death of the testator, shall be full payment of the bequest; not full payment of the principal sum, leaving the interest unpaid, but full payment, principal and interest, if there could be any interest. Surely the testator had the right to say how large the bequest should be which he left for the maintenance of his granddaughter, if the trustee is correct in his construction of the will.

But is he correct in that construction? He bases his claim upon the word "best" in the bequest. He presents the point thus:—" The will provides, whether the ability of the father to furnish maintenance for his daughter should exist or not, that some part of the income shall, during the infancy of the daughter, as well as afterwards, be paid to that daughter. It is to be such portion as that father shall

consider best. Best for whom? Not best for the trustee, to diminish his own natural liability, but best for the infant. What else could be best for such infant but education and maintenance?" But many other things might be best. It might be best to withhold rather than to pay. Manifestly, the great concern of the testator, in bequeathing this very large sum of money, the interest of which would be sixty thousand dollars per year, was the welfare of his young granddaughter, who was just entering into womanhood. There was greatly more danger that her father, the trustee, would pay her too much of this vast income during her minority than that he would pay her too little; and during such time it seems to be clear that the word "best," as used by the testator, had more reference to withholding the income than to paying it. The plain meaning is,—pay her only what you think best. We think the trustee's construction of the bequest is not correct.

We therefore advise the Superior Court that the plaintiff is not entitled to interest till the end of one year from the death of the testator.

In this opinion the other judges concurred.