[S. F. No. 3446. In Bank.—June 3, 1904.]

In the Matter of the Estate of SUSANNA BROWN, Deceased. KATHERINE NOWLAND, Appellant, v. T. C. KIERULFF, and ALBERT C. HOOPER, Executors, Respondents.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—CONSTRUCTION OF WILL —BEQUEST OF FUND TO TRUSTEES—MONTHLY PAYMENT OUT OF INCOME.—Where the will of the deceased testatrix bequeathed a fund of five thousand dollars to trustees, to be invested, and out of the income arising therefrom to pay monthly to her sister the sum of twenty dollars during her natural life, the monthly payment is not an annuity dating from the death of the testator, but is an uncertain payment out of income, which may be less than twenty dollars per month, and the payment does not commence until after final distribution of the fund to the trustees and the receipt of income by them from the fund.

ID.— PETITION FOR PARTIAL DISTRIBUTION TO TRUSTEES — LEGACY FOR MAINTENANCE — INTEREST — FINDINGS — ULTIMATE AND PROBATIVE FACTS—RECORD UPON APPEAL.—Upon a petition by the sister for a partial distribution of the fund to the trustees, claiming that the legacy was for her maintenance, and should bear interest from the death of the testatrix, under section 1369 of the Civil Code, where the court found the ultimate fact that the legacy was not for maintenance, its finding of probative facts that the petitioner was a cripple, and dependent upon the testatrix for support and maintenance, is not sufficient to overcome the ultimate fact, which must prevail, and be conclusively presumed to have been supported by evidence when there is no evidence in the record upon appeal.

ID.—INTEREST NOT CHARGEABLE TO EXECUTORS.—Interest on the legacy cannot be charged to the executors where the will by its terms provided that the executors should not be charged with interest on any bequest therein made.

ID.—PROVISION OF CODE INAPPLICABLE.—The provision of section 1366 of the Civil Code, in reference to payments from income of a certain or specific fund accruing from the testator's death, is inapplicable where the bequest was not of the income of a certain fund, to be paid by the executors as such, but is for the income of a fund to be distributed to trustees.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition for partial distribution of the estate of a deceased person. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

A. Everett Ball, and Jordan, Treat & Brann, for Appellant.

Louis Titus, and T. C. Kierulff, for Respondents.

SHAW, J.—Upon the hearing of this case in Department an opinion was prepared by Mr. Commissioner Haynes, of which the following portion is now adopted as part of the opinion of the court:—

"Katherine Nowland appeals from an order made on her petition for partial distribution of said estate.

"Susanna Brown died testate in the city and county of San Francisco, on the twenty-seventh day of September, 1899. The petition alleged that the will of said deceased was duly admitted to probate, and that T. C. Kierulff and Albert C. Hooper were duly appointed the executors thereof, and letters testamentary were duly issued to them, which said letters are still in full force; that an inventory and appraisement of said estate was filed, showing that said estate was appraised at $45,098.43; that all of the debts of said deceased and of the estate have been paid, and nearly, if not all, of the specific legacies have also been paid, and that more than one year has elapsed since said letters were issued to said executors.

"That by the terms of said will there was given and bequeathed to T. C. Kierulff and Albert C. Hooper, the sum of five thousand dollars in trust, to pay petitioner the monthly sum of twenty dollars during her natural life. The portion of said will relating thereto is as follows:—

"'I give and bequeath to T. C. Kierulff and Albert C. Hooper, and the survivor of them, as joint tenants, the sum of $5,000, in trust, nevertheless, for the following uses and purposes, and not otherwise.

"'(a) To invest the said money in some safe investment, in their discretion, with power, at all times to reinvest the same as they may deem best.

"'(b) Out of the income arising from the investment of said fund, as aforesaid, to pay Kate Nowland, a half-sister of my deceased husband, Richard Brown, at present residing at Los Gatos, California, monthly the sum of $20 for and during the term of her natural life, and at her death the said

fund, with its accumulations, over and above the income payable to said Katherine Nowland, as aforesaid, shall go to my residuary legatees hereinafter named.'

"It is further alleged that at the time of the death of said testatrix, and for many years prior thereto, petitioner, who is now and has been for many years a confirmed cripple, was and had been dependent upon said testatrix for support and maintenance ever since the death of the brother of petitioner, the husband of decedent, who, prior to that time, had wholly supported petitioner.

"It is further alleged that the executors had not paid any portion of said monthly sum, and refused to do so, claiming that nothing is due petitioner until a distribution shall be had, and that there is due this petitioner on account of said monthly sum bequeathed to her, as aforesaid, the sum of twenty dollars per month from said twenty-seventh day of September, 1899, the date of the death of said decedent.

"Petitioner prayed for an order directing said executors to distribute to themselves, as trustees under the said will, the sum of five thousand dollars, and also the sum of twenty dollars per month from the date of the death of the testatrix, directing the payment to petitioner of the said sum of twenty dollars per month from said date to the date of distribution, and thereafter to pay her the sum of twenty dollars per month during the term of her natural life. The answer consisted of general denials.

"The court in its findings recited the provisions of the will above quoted, and that the will contained, in addition thereto, the following clause in a separate paragraph: 'It is my will that my executors shall not, nor shall either of them, be charged with interest upon any bequests herein made.' The court further found: 'That for many years prior to the death of testatrix said petitioner was, and still is, a confirmed cripple, and had been in the monthly receipt of sums varying from $20 to $10 from said testatrix, and for many years prior to 1899 said sum had been $20 and up to April of that year, but in July, August, and September the monthly allowance had been $10.' That said twenty dollars per month bequeathed to said petitioner, Katherine Nowland, by said will is not an annuity nor a legacy for maintenance.

"That said petitioner is entitled to the sum of twenty

dollars monthly out of the income of said sum of five thousand dollars only from the date of this decree of distribution; that said petitioner is not entitled to any interest upon said amounts; and that 'the said petitioner is not entitled to said monthly payments from the death of said testatrix, but only from the date of distribution herein.'

"As conclusions of law, the court found: 'That said petitioner is entitled to have the sum of $5,000 distributed to said trustees under the will, and that she be paid monthly out of the income of $5,000, the sum of $20, commencing November 20, 1902, and is not entitled to be paid anything prior to that date,' and thereupon entered judgment accordingly.

"This appeal is by the petitioner from the judgment or order except that part of it which distributes to the said trustees said sum of five thousand dollars for the purposes expressed in the will. The record does not contain any statement or bill of exceptions.

"Appellant presents the following questions: '(1) Is the bequest to appellant an annuity? (2) Is appellant entitled to the $20 per month from the date of the death of the testatrix? (3) Is she entitled to $20 per month in any event, or only the income that may arise from the sum of $5,000 when invested?'

"The first and third of these inquiries may be answered together. It is not an annuity, for the reason that the amount to be paid monthly is not certain. The amount to be invested by the trustees is fixed, but the income which may be realized therefrom is not. The income realized may be less than twenty dollars per month, but she is entitled to the whole of the income if it does not exceed that sum per month. 'An annuity is a bequest of certain specified sums periodically; if the fund or property out of which they are payable fails, resort may be had to the general assets, as in case of a general legacy.' (Civ. Code, sec. 1357, subd. 3; *Bartlett* v. *Slater*, 53 Conn. 102;[1] *Dewey's Estate*, 153 N. Y. 63.)"

The remaining question is whether or not the appellant is entitled to twenty dollars per month from the death of the testatrix, or only from the time of the entry of the decree appealed from. It is contended on the part of the appellant

[1] 55 Am. Rep. 73.

that the legacy for her benefit is a legacy for maintenance, which, under section 1369 of the Civil Code, bears interest from the death of the testatrix. This does not appear from the face of the will, but the contention is that the specific facts found by the court necessarily make it so. Reliance is placed upon the decision in the case of *In re Mackay*, 107 Cal. 308, in which it was held that although the will did not expressly declare that the legacy was for the maintenance of the legatee, yet, if the evidence showed that the legatee had been supported by the testator for many years prior to his death, it would be construed to be a legacy for maintenance. The essential element present in that case, however, is lacking in this. The petition alleged, as before stated, that for many years prior to the death of the testatrix the petitioner was dependent upon the deceased for her support and maintenance. The court, however, fails to find this fact, but does find that the petitioner was for many years prior to the death of the testatrix a confirmed cripple, and had been in the monthly receipt of sums from the testatrix varying from twenty dollars to ten dollars per month. In addition to these specific facts, the court found expressly that the legacy bequeathed to the petitioner is not a legacy for maintenance. This was the ultimate fact upon which the decision of the case depended, so far as the right to interest from the death of the deceased was concerned. The specific facts found do not necessarily show that it was a legacy for maintenance. The deceased may have had many reasons for making the monthly payments other than the reason that it was necessary for her support. There is no bill of exceptions showing the evidence, and we must upon this appeal take the findings of fact as absolutely true, and presume that the evidence necessary to sustain them was presented to the court below.

The appellant cites in support of her claim to payment from date of death section 1366 of the Civil Code, as follows: "In case of a bequest of the interest or income of a certain sum or fund, the income accrues from the testator's deat. If this section was applicable, of course the appellant wou be entitled to the monthly payments from the time of tl death of the testatrix. But the bequest in this case was no of the interest or income of a certain sum to be paid by the executors of the estate. The testatrix bequeathed the sum

of five thousand dollars to certain trustees, and the monthly income was to be paid by the trustees, and not by the executors. Necessarily, the trustees could not begin payment until they received the fund and invested it so as to produce an income. The intention of the testatrix must therefore have been that payments were not to begin until the fund from which it was to be produced was distributed to the trustees, who were to make the payments. The distinction is thus stated: "Where he absolutely gives the beneficiary a given income, and merely indicates in his will the source from which it is to be obtained, the general rule is that the income in such cases is to be estimated from the death of the testator. . . . But where the bequest is only of the income to be obtained from a certain specified fund, . . . it is held that the beneficiary can receive only the actual income when received from such fund." (Page on Wills, sec. 601.) A gift of an income from a certain fund is not an annuity, and interest does not begin thereon until one year from the death of the deceased. (*Booth* v. *Ammerman*, 4 Bradf. 129; *Bartlett* v. *Slater*, 53 Conn. 102.[1] The petitioner expressly disclaims any right to the payment of interest upon the monthly payments from the death of the deceased. As to the claim that she is entitled to interest on the five thousand dollars bequeathed to the trustees, we think that is covered by the provision in the will that the executors should not be charged with interest upon any bequest therein made. We think the decree of the court was in accordance with the proper construction of the will.

The order is affirmed.

Angellotti, J., Van Dyke, J., Henshaw, J., and Beatty, C. J., concurred.

McFARLAND, J., and LORIGAN, J., dissenting.—We dissent, and think that the conclusion reached in Department reversing the order appealed from is right.

The following is the further portion of the opinion rendered in Department Two on the 4th of December, 1903, the conclusion of which was approved in the dissenting opinion of Justices McFarland and Lorigan:—

[1] 55 Am. Rep. 73.

HAYNES, C.—Appellant's second query presents the principal question,—viz., Is the appellant entitled to the payment of twenty dollars per month from the date of the death of the testatrix?

The intention of the testatrix must be ascertained "from the words of the will, taking into view the circumstances under which it was made." (Civ. Code, sec. 1318.) The finding of the court that appellant for many years prior to 1899 was, and still is, "a confirmed cripple," and "for many years prior to 1899," and until and including the month of September of that year, had received from the testatrix said sums monthly, would very clearly indicate that they were intended for the maintenance wholly or partial of the appellant. Said will was made December 13, 1898, and the testatrix died September 27, 1899, so that the condition of the appellant, as well as the periodic payments or contributions, are shown to have existed for years before the will was made, and were continued thereafter by the testatrix until her death. These facts do not justify the conclusion that said provision was not a legacy for maintenance.

Section 1369 of the Civil Code provides: "Legacies bear interest from the time when they are due and payable, except that legacies for maintenance, or to the testator's widow, bear interest from the testator's decease." This section was construed and applied in the case of *In re Mackay,* 107 Cal. 303, where the provision of the will creating the trust was identical with the provision in this case, except that it gave to the beneficiary the whole of the "income" from the trust fund. In that case the will did not declare that the trust was for the maintenance of the beneficiary, but, construed in the light of the evidence that the testator had for a long time supported the beneficiary, it was held to be a trust for maintenance, and that a fair construction of sections 1368 and 1369 of the Civil Code required the court to distribute to the trustees the accrued interest upon it to the date of distribution and be paid by them to the beneficiaries "as income accrued at that date." In this case the petitioner prayed for the distribution to the trustees not only of the trust fund of five thousand dollars, but also of the interest on that sum from the date of the death of the testatrix. The court distributed said sum to the trustees, but refused to distribute the interest which accrued from

that sum from the date of the death of the testatrix to the date of distribution. In this conclusion the court erred. The direction to the trustees to invest said fund and to pay out of the income the specified sum at specified intervals must be read and construed in the light of section 1369 of the Civil Code, which declares that "legacies for maintenance, or to the testator's widow, bear interest from the testator's decease." There is no conflict between this provision of the will and said provision of the code, for the trustees cannot invest the money until it is distributed, while the code provides for the necessities of the beneficiary from the time the benefactor's hand is stayed by death to the time when the law, by its distribution of the fund, enables the trustees to execute the trust. It is true the money could not usually be paid by the trustees during this interval, but it would nevertheless, be available to the beneficiary as a basis of credit. The provision in the will that her executors should not be charged with interest upon any bequest does not affect our conclusion. These monthly payments of twenty dollars are paid from funds of the estate distributed to the executors. The bequest of five thousand dollars to the trustees, from the income of which the monthly payments to the beneficiary are to be made, bears interest from the death of the testatrix by force of the statute, when it is shown that the income therefrom is for maintenance. There were more than twenty other money legacies in the will to which this provision properly applies.

We advise that the said order, so far as appealed from, be reversed, with directions to distribute to said trustees the further sum of twenty dollars for each and every month from the date of the death of the testatrix, with direction that they forthwith pay the same to the said petitioner, and thereafter to pay to her monthly the income from said bequest to said trustees, not exceeding said sum of twenty dollars per month, during her natural life.

Smith, C., and Gray, C., concurred.