[Civ. No. 2169.    Third Appellate District.—August 30, 1920.]

## FLORA B. CLAYES, Appellant, v. W. B. NUTTER et al., Respondents.

[1] WILLS—CONSTRUCTION OF—MONTHLY PAYMENTS BY TRUSTEES—GIFT OF INCOME—WHEN PAYABLE.—Where a will gives all the estate of the testatrix, after the payment of her debts and expenses of administration (except personal effects), to certain persons, as trustees, to invest and manage the same and collect all the profits thereof, and directs that out of the balance remaining, after paying the expenses of the trust, they pay to the sister of the testatrix "the sum of fifty (50) dollars per month during her natural life," a gift of income, and not an annuity, is created; and in the absence of an express provision in the will making such bequest payable from date of death, the beneficiary thereof is not entitled to receive monthly payments, or any payments during the time the estate is in course of administration, or prior to the time it is distributed to the trustees.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harding & Monroe for Appellant.

John Hancock and Newton Rutherford for Respondents.

NICOL, P. J., *pro tem.*—This is an action brought by the plaintiff against the defendants, who are trustees under the last will and testament of Maria S. Hubbard, deceased, and under the decree of distribution in the estate of Maria S. Hubbard, deceased, to recover the sum of seven hundred dollars claimed to be due as an annuity from the date of the death of the said Maria S. Hubbard, which occurred on the thirtieth day of August, 1917, to the first day of November, 1919, when the trust estate finally came into possession of the defendants under the decree of distribution in said estate. Judgment was for the defendants in the trial court, and plaintiff appeals from said judgment.

[1] Under the will of said Maria S. Hubbard, all of her estate, after the payment of her debts and expenses of administration (except personal effects, such as jewelry,

wearing apparel, ornaments, and bric-a-brac), was given to
defendants, as trustees, to invest and manage the same and
collect all the profits thereof, and out of the balance re-
maining, after paying the expenses of the trust, to "pay
to my sister, Mrs. Flora B. Clayes, the sum of fifty (50)
dollars per month during her natural life." Other specific
sums were to be paid to other parties; then the will pro-
vides: "And the remainder of such income they shall pay
in equal shares to my daughters, Maria Hubbard Cronise
and Eliza Fitch Hubbard Middlecoff, during their natural
lives," etc.

It is the claim of the appellant that these provisions of
the will make the bequest to Mrs. Clayes an annuity and,
therefore, that it is payable from date of death. The ap-
pellant contends that the question involved in this case is
clearly settled by subdivision 3 of section 1357 of the Civil
Code, which provides as follows: "An annuity is a bequest
of certain specified sums periodically; if the fund or prop-
erty out of which they are payable fails, resort may be had
to the general assets, as in case of a general legacy," and
also, that if it be determined that this bequest is an an-
nuity, the conclusion that it was to commence at the date
of the testatrix's death is inevitable under section 1368
of the Civil Code, which is as follows: "Legacies are due
and deliverable at the expiration of one year after the
testator's decease. Annuities commence at the testator's
decease."

It is the contention of the respondents that "the last will
and testament of Maria S. Hubbard, deceased, did not create
an annuity in favor of appellant in legal contemplation, but
created a gift of income," citing Corpus Juris, volume 3, at
page 201, as follows: "There is a distinction between an
income and an annuity; the former embraces only the net
profits and may be uncertain in amount; the latter is a fixed
amount directed to be paid absolutely and generally without
contingency. A simple gift of the interest upon a specific
principal sum, although stipulated to be paid annually, is
not an annuity but merely a gift of income. Much less can
the gift of the income of a specified portion of an estate,
including real as well as personal estate, be considered an
annuity."

That the said Maria S. Hubbard did not intend to create an annuity in favor of her sister, Mrs. Flora B. Clayes, we think is quite apparent from the terms of her will.

As before stated, under the will of said Maria S. Hubbard, all of her estate, after the payment of her debts and expenses of administration (except personal effects, such as jewelry, wearing apparel, ornaments, and bric-a-brac), was given to the defendants, as trustees to invest and manage the same and collect all the profits hereof, "and out of the interest and income derived from the moneys by them so invested and kept invested, and out of the rents, issues and profits by them received from such real property, they, said trustees, shall pay all taxes levied and assessed upon the trust property either by state, county, city or other duly constituted and established authority, and such premiums for insurance as may be required to be paid in order to afford reasonable protection to any of such property as against loss or damage by fire, and such sums as may be required to be expended in the necessary repair, protection and improvement of any such property, and in the necessary expenses of this trust, including a reasonable sum for their services in the performance of the duties of their trust, and *out of the balance* of such interest, rents, issues, and profits, they, said trustees, shall pay to my sister Mrs. Flora B. Clayes, the sum of fifty (50) dollars per month during her natural life. . . . "

As will be observed, it is expressly provided in said will that the trustees shall invest the trust property and *out of the balance,* of the rents, issues, and profits, pay to Mrs. Flora B. Clayes the sum of fifty dollars per month during the term of her natural life. Under this will it was necessary for the trustees to receive the trust property and invest the same, so as to obtain an income before it was possible for them to make any payment to Mrs. Clayes under the terms of the will.

It is true that the trustees named in the will of Maria S. Hubbard, deceased, were also the executors of said will and served in that capacity, but they did not qualify as trustees until they as executors had completed the administration of said estate and distributed the same. They did not become trustees under the will and decree of distribution before October 29, 1918, and no part of the estate came

into their possession as such trustees prior to said twenty-
ninth day of October, 1918, and the court found, ''That
defendants did not receive nor did there come into the pos-
session of said defendants as such trustees, any rents, issues,
or profits produced from the property of said estate prior
to the first day of November, 1918.''

The court further found, ''That the expenses of adminis-
tration of the said estate, including taxes, state and na-
tional, exceeded the sum of one hundred thousand dollars
($100,000), and that the expenses of said administration
consumed all the income arising from rents, issues, and
profits from said estate during the time of said administra-
tion, and that said expenses of administration, including
taxes, state, and national, also required the expenditure by
said executors of a portion of the *corpus* of said estate.''

In the *Estate of Brown,* 143 Cal. 450, [77 Pac. 160],
the testatrix by her will gave to two trustees the sum of
five thousand dollars in trust for the following uses and
purposes, and not otherwise:

''(a) To invest the said money in some safe investment,
in their discretion, with power at all times to reinvest the
same as they may deem best.

''(b) Out of the income arising from the investment of
said fund, as aforesaid, to pay Kate Nowland, . . . monthly
the sum of $20.00 for and during the term of her natural
life.''

The beneficiary in that case claimed that the testatrix had
created an annuity in her favor, and that the same was
payable from the date of the death of the testatrix. The
court said: ''The appellant cites in support of her claim to
payment from date of death section 1366 of the Civil Code,
as follows: 'In case of a bequest of the interest or income
of a certain sum or fund, the income accrues from the tes-
tator's death.' If this section was applicable, of course the
appellant would be entitled to the monthly payments from
the time of the death of the testatrix. But the bequest in
this case was not of the interest or income of a certain sum
to be paid by the executors of the estate. The testatrix
bequeathed the sum of five thousand dollars to certain trus-
tees, and the monthly income was to be paid by the trus-
tees, and not by the executors. Necessarily, the trustees
could not begin payment until they received the fund and

invested it so as to produce an income. The intention of the testatrix must therefore have been that payments were not to begin until the fund from which it was to be produced was distributed to the trustees, who were to make the payments."

The above case is directly in point with the case at bar; for in that case the property from which the payments were to be made was distributed to trustees and the monthly payments were to be paid by the trustees and not by the executors, and the reasoning of the court in that case to the effect that the trustees could not begin payment until they received the fund and invested it so as to produce an income, and that "the intention of the testatrix must therefore have been that payments were not to begin until the fund from which it was to be produced was distributed to the trustees," applies with equal force to the case at bar.

In the *Estate of Mackay,* 107 Cal. 303, [40 Pac. 558], the testator bequeathed the sum of fifteen thousand dollars to the executors of his will in trust, with directions that they invest said sum in such securities as they deemed advisable, and to pay the income to the beneficiary during her life. The supreme court held that: "The legacy in question is, by its terms, made to the executors named in trust for the purposes therein expressed. It is not a legacy payable direct to the respondent, and under no circumstances is she entitled to receive any part of the principal sum bequeathed. That sum is to be received and held by the trustees, and they are the only parties to whom the probate court can order it, or any part of it, to be paid. Such an order would constitute a distribution (partial or final).

"The right of the respondent is merely that of the beneficiary of the trust, and is confined, by the terms of the will, to the receipt of the *income* to be derived from an investment of the trust fund. This investment is directed to be made by the trustees, and, until the fund is distributed to the latter and an investment of it made, there can be no 'income' to be paid to the respondent. . . . The will, as we have seen, gives her nothing directly from the estate, much less is she to receive anything from the general assets of the estate. All that she is entitled to is payment by the trustees of the income of the specific fund after distribution of such fund to them."

Appellant cites the case of *Crew* v. *Pratt*, 119 Cal. 131, [51 Pac. 44], "as determinative of the case at bar." But we do not think that this case sustains appellant's contention. In that case the will of the testator provided that the trustees should hold and manage the trust for seven years from and after the death of the testator, and the will also directed that the trustees should "provide and turn over to Mrs. Lizzie E. Pratt, my wife, the sum of seven thousand five hundred dollars ($7,500.00) each year for the following seven years, for her maintenance, the same to be paid in semi-annual installments of three thousand seven hundred and fifty dollars ($3,750.00) each, the first as soon after my decease as sufficient funds for the purpose shall come into their possession, and the remaining ones at the end of every six months afterward." Here it clearly appears from the will itself that the testator intended that the payment of seven thousand five hundred dollars yearly to his wife should commence at the time of his death, for the reason that the trust created by the will had but seven years to run from and after the death of the testator and the trustees were directed to pay the first installment of three thousand seven hundred and fifty dollars as soon after the death of the testator as sufficient funds for that purpose should come into their possession, and the remaining ones at the end of every six months afterward.

It is clear to us that under the will of Maria S. Hubbard the appellant was not entitled to receive monthly payments, or any payments during the time the estate was in course of administration or prior to the time it was distributed to the trustees.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 26, 1920.

Angellotti, C. J., Shaw, J., Lawlor, J., and Olney, J., concurred.