[L. A. No. 15116. In Bank.—January 14, 1937.]

LILLIAN R. FRASER, Plaintiff, Cross-Defendant and Respondent, v. ETHEL CARMAN–RYLES et al., Defendants, Cross-Complainants, Cross-Defendants and Appellants; HATTIE LEE SCHACHTRUPP, Defendant, Cross-Complainant and Respondent.

Call & Murphey, Robert B. Murphey and Walter E. Bennett, for Appellants.

L. R. Brigham and Hanna & Morton for Respondents.

Mott, Vallee & Grant and Paul Vallee as *Amici Curiae* on Behalf of Respondents.

THOMPSON, J.—This case, on appeal from portions of a judgment construing a decree of distribution, was taken over after decision by the District Court of Appeal, Second Appellate District, Division Two, for the purpose of giving further consideration to the question of when reference may be had to the will for the purpose of interpreting the decree.

The decree of distribution in the estate of Earl A. Fraser, deceased, provided that "in pursuance of and according to the provisions of the Last Will and Testament of decedent, the said property, and all other property belonging to said estate, whether described herein or not is distributed as follows, to-wit:

"To Ethel Fraser Prentiss (now the defendant Ethel Carman-Ryles) in trust . . . said Ethel Fraser Prentiss to use the income of said property as her own with the exception of $300.00 monthly thereof, which said $300.00 monthly thereof said trustee to pay to decedent's wife, Lillian R. Fraser, until the said Lillian R. Fraser, remarries or dies, . . . " certain specified sums payable to the Fraser Million Dollar Pier Company as assignee of other legatees and $200 a month to Hattie Lee Schachtrupp after a specified date.

The court then "further ordered, adjudged and decreed" that the trustee pay the assigned bequests to the Fraser Million Dollar Pier Company, "out of the income of said trust"; that "said bequest to Lillian R. Fraser of $300.00 per month is an annuity; and that said payments to said Fraser Million Dollar Pier Company be made by said trustee out of the income of said trust remaining after the payment therefrom by said trustee of moneys due and payable by reason of said annuity bequest of $300.00 per month to said Lillian R. Fraser, and of the bequest of $200.00 a month to said Hattie Lee Schachtrupp. . . . "

The respondent brought this action to recover payments of $300 for the period between the date of death and the date of distribution to the trustee, basing her complaint upon the contention that the decree of distribution determined her bequest to be an annuity and that, under the code (sec. 162, Probate Code), annuities commence at the date of death. The defendant trustee contends that the bequest is a gift of income only and commenced with the receipt of income from the trust. The trial court ruled in favor of the respondent and awarded her a judgment of $11,357.59 against the trust.

The decree is ambiguous and inconsistent in its several parts. The ambiguity arises from the use of the word "annuity". "Annuity", the respondent insists, is a technical word, defined by the code, and, since it is here employed by members of the profession, it must be given its technical meaning (Civ. Code, sec. 1645); therefore, she is entitled to insist upon all of the attributes of an annuity as defined in the code. One of such attributes is that "annuities commence at the testator's death." (Probate Code, sec. 162.) By code definition the word "annuity" is inconsistent with the provision of the decree that the trustee is to use the income as her own "with the exception of $300.00 monthly thereof" which she is to pay to the plaintiff, and with the direction that the trustee make certain payments to the Fraser Million Dollar Pier Company "out of the income remaining after the payment *therefrom* by said trustee of moneys due and payable by reason of said annuity bequest to Lillian R. Fraser".

Section 161, subsection (3), of the Probate Code provides: "An annuity is a bequest of certain specified sums periodically; if the fund or property out of which a demonstrative legacy or an annuity is payable fails, in whole or in part, resort may be had to the general assets, as in case of a general legacy."

In *Estate of Brown*, 143 Cal. 450 [77 Pac. 160], and *Clayes* v. *Nutter*, 49 Cal. App. 148 [192 Pac. 870], language almost identical with that employed by the probate court in the decree of distribution was held to constitute a gift from income. It was also held that necessarily the payments could not begin until the trustees had received the fund and invested it.

▆ The language used in the portion of the decree distributing the estate to the trustee gives the plaintiff the right to share in the income realized to the extent of $300 a month after distribution to and investment by the trustee and no right to receive payments during administration or to resort to the general assets of the estate or the *corpus* of the trust in case the income is insufficient to cover the specified payments. ▆ The designation of the bequest as an "annuity" is in direct conflict in that it implies that payments begin upon the testator's death and that resort may be had to the general assets if the income is insufficient. There is, therefore, an ambiguity or inconsistency upon the face of the decree. In this situation resort may be had to the will for the purpose of resolving the conflict and interpreting the decree. (*In re Ewer's Will*, 177 Cal. 660 [171 Pac. 683]; *Horton* v. *Winbigler*, 175 Cal. 149 [165 Pac. 423].)

Nor is this doctrine in conflict with *Goad* v. *Montgomery*, 119 Cal. 552, 557 [51 Pac. 681, 63 Am. St. Rep. 145], and the line of cases following it. As said in *In re Ewer's Will*, *supra*, page 662: "But while the will cannot be used to impeach the decree, it can be used to explain it where the decree taken alone is uncertain, vague or ambiguous." The will discloses no intention to make the bequest to Lillian R. Fraser an annuity, but the language used in making the bequest is that used by the probate court in directing payment to her of a portion of the income of the trust fund. Hence the proper construction of the decree is that which is in accordance with the testator's intent as expressed in the will.

▆ No other points require discussion. The only error of the trial court consists in the misinterpretation of the decree of distribution. Therefore a new trial is unnecessary (*Scudder* v. *Perce*, 159 Cal. 429 [114 Pac. 571], and the portions of the judgment appealed from are reversed with directions to the trial court to amend its conclusion of law and enter a modified judgment in accordance with the views herein expressed.

Edmonds, J., Shenk, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.