[Civ. No. 10451. First Appellate District, Division One.—June 28, 1937.]

In the Matter of the Estate of THOMAS G. LOCKHART, Deceased. GEORGE J. LOCKHART et al., Appellants, v. JOE CRAIL et al., Respondents.

Wm. G. Junge, Mott, Vallee & Grant and Paul Vallee for Appellants.

John W. Luter, *in pro. per.*, Crail, Crail, Crail & Wright, W. W. Wallace, Chas. F. Hutchins, Carl W. Minton and Jerome O. Hughes, for Respondents.

GRAY, J., *pro tem.*—The decree of distribution of the estate of Thomas G. Lockhart, deceased, dated September 29, 1915, distributed *"in pursuance of and according to the provisions of the last will of said decedent"* to Security Trust & Savings Bank the residue of the estate upon the following trusts: "The net annual income received or derived from said trust estate shall go and be paid as follows, to-wit: (a) The sum of one thousand ($1000) dollars per annum, in equal semi-annual installments, shall go and be paid by said trustee to George J. Lockhart, a son of the testator, to and until he shall attain the age of fifty (50) years, if he shall live so long and if Minnie A. Lockhart does not sooner die. If, in the event and at the time that said George J. Lockhart shall attain the age of fifty years, and if the said Minnie A. Lockhart shall then be living, a full one-sixth of the principal of the trust estate, in whatever form, properties or invest-

ments it may at that time be, shall go, vest in and be transferred absolutely, to said George J. Lockhart.'' (Italics ours.) Identical provisions were repeated in the following paragraphs as to a son, Harry C. Lockhart, and a daughter, Myra B. Rockwell, except that as to the latter the age at which the income would cease and the one-sixth interest would vest was fixed at 40 years. The decree further provided that ''all the remainder of said net income shall go and be paid by said trustee in equal semi-annual installments to Minnie A. Lockhart, widow of said testator''. It lastly ordered that upon the widow's death the trust should cease and the entire property then in trust should go in fee, equally, to the three children. No appeal was taken from the decree and it has long since become final.

Minnie A. Lockhart died on January 14, 1936. On May 1, 1928, the daughter, having attained the age of 40 years, had received one-sixth of the trust estate. On May 4, 1935, George J. Lockhart, having reached the age of 50 years, had received one-fifth of the remainder, which was the equivalent to one-sixth of its original amount. But Harry C. Lockhart, not having become 50 years old before his mother's death, had never received one-sixth of the estate. His interest at such death was vested, by mesne assignments, equally in Joe Crail and Mildred Canavan, whose share was subject to a lien in favor of William Ellis Lady. The trustee had paid all income due to the children either to them or their assigns. It had also paid the widow during her life the semi-annual installments. Upon the trust's termination by the widow's death the trustee filed its final account and petition for instructions as to the distribution of the property remaining in its hands. In answer thereto various interested parties set forth their respective claims. John C. Miles, as administrator of the widow's estate, claimed certain income which had accrued but had not been paid to his decedent during her life. The assignees of Harry C. Lockhart contended that they were entitled, first, to one-fourth of the remaining estate (the equivalent of one-sixth of its original amount) and, secondly, to one-third of the residue after deducting such one-fourth. In effect, they asserted that under his father's will their assignor was entitled to one-third of the entire trust estate. George J. Lockhart and Myra B. Rockwell claimed that as the widow's right to income ceased

at her death, the unpaid income reverted to the principal of the trust and formed part of the residue to be distributed to the children. They also claimed that since the condition vesting in Harry C. Lockhart one-sixth of the estate never happened, such interest remained in the residue, and that his assigns were entitled only to one-third of such residue. After a trial of these issues the court awarded the disputed income to the administrator, and distributed one-fourth of the estate plus one-third of the remainder to the assignees. George J. Lockhart and Myra B. Rockwell appeal from such portions of the judgment. The court also allowed John W. Luter, an assignee of George J. Lockhart, interest upon his claim. The latter appeals from such allowance of interest.

At the trial the court, upon its offer by the assignees of Harry C. Lockhart and over the objection of appellants, admitted in evidence the will of Thomas G. Lockhart. The decree of distribution, so far as it goes, follows the will but entirely omits the following provision of the will: ''Upon the death of my wife, the estate then in the hands of my said trustee shall be distributed to my children as hereinbefore directed so that each shall receive one-third of the entire estate herein devised and bequeathed to my said trustee, it being my intention that each of my said children shall ultimately receive one-third of the said trust estate.'' Appellants concede that if the will was properly admitted the distribution to the assignees of one-third of the entire estate was correct, but they argue that it was inadmissible to vary the conclusive provisions of the final decree of distribution or to interpret their certain and unambiguous meaning. The assignees defend its admission upon the ground, as found by the court, that the will, by apt reference, was incorporated into the decree, and the terms of the latter were vague, uncertain and ambiguous in respect to the share each child should ultimately receive.

The decree of distribution is a conclusive determination of the meaning and effect of the will, and the will itself cannot be looked to for the purpose of interpreting the decree except in so far as it is referred to and made a part thereof. (*Estate of Scrimger*, 188 Cal. 158 [206 Pac. 65].)

The court may, by express terms or by apt reference thereto, incorporate the will in the decree so as to constitute it a portion of its distributive terms and make it a part of

the decree as effectually as though set forth in it. When necessity arises thereafter to construe the decree, it is the duty of the court to look to the will to ascertain the terms of distribution. (*Horton* v. *Winbigler,* 175 Cal. 149 [165 Pac. 423].) If the will, by apt reference, is made part of the decree, it supplies matters which it contains but the decree omits. (*Estate of Blake,* 157 Cal. 448 [108 Pac. 287].)
While the will cannot be used to impeach the decree, it can be used to explain it where the decree taken alone is uncertain, vague and ambiguous. This rule has been applied both where the decree referred to the will (*In re Ewer's Will,* 177 Cal. 660 [171 Pac. 683] ; *Fraser* v. *Carman-Ryles,* 8 Cal. (2d) 143 [64 Pac. (2d) 397]), and where it did not. (*McCloud* v. *Hewlett,* 135 Cal. 361 [67 Pac. 333].) The decree does not appear to be uncertain or ambiguous in respect to each child's ultimate share, for it clearly provides that each child shall receive as a conditional legacy, one-sixth of the principal of the trust estate, and as a residuary legacy one-third of the property then in trust, at the termination of the trust. But the decree does omit the provision of the will that each child was to receive ultimately one-third of the entire trust estate. Phrases identically worded to the above italicized portion of the present decree have been held to incorporate the will into the decree. (*Horton* v. *Winbigler, supra; In re Ewer's Will, supra.*) The will, therefore, was properly admitted, and the judgment in so far as it distributed one-third of the entire estate to the assignees is correct.

The judgment ordered the trustee to pay to the administrator of the widow's estate net income received and derived from the trust estate between the date of the last semi-annual installment and her death and therefore unpaid to her, and also net income earned during such period but collected thereafter. The decree of distribution provided that the remainder of the net annual income *received* or *derived* from the trust estate *should* go and *be paid* by the trustees in equal semi-annual installments to the widow. It further provided that the trust should terminate upon her death, and that thereupon the entire property then in trust should vest in the three children. Appellants argue that the decree created either an annuity or a legacy for maintenance, no part of which vested in the widow before the semi-annual

payment of the whole and that, therefore, net income earned but unpaid during her life should be distributed to the children as part of the trust estate instead of to the administrator as money due her. It was not an annuity because its amount, being dependent on earnings, was uncertain, and it was not a legacy for maintenance because there is no evidence that such was the testator's intention. Since the bequest was of net income received or derived, the widow was only entitled to such income after its receipt. (*Estate of Brown,* 143 Cal. 450 [77 Pac. 160].) ■ Since the net income, when received, was to go to the widow, her right thereto vested immediately on its receipt, although payment was to be made semi-annually. (*Estate of Blake, supra.*) Her administrator was entitled to the income which was received by the trustee but which was not paid to her during her lifetime. (*Welch* v. *Apthorp,* 203 Mass. 249 [89 N. E. 432, 27 L. R. A. (N. S.) 449] ; *Union Safe Deposit & Trust Co.* v. *Dudley,* 104 Me. 297 [72 Atl. 166].) He is not, however, entitled to income which the trustee collected after her death.

■ The judgment determined that the interest of George J. Lockhart was subject to an assignment, as collateral security, for the payment of a judgment in the principal sum of $1500 with interest thereon from September 13, 1931, in favor of John W. Luter. Appellant George J. Lockhart questions the sufficiency of the evidence to warrant the allowance of interest. The petition of the trustee alleged that this appellant had assigned his interest in the estate to respondent Luter as collateral security for the payment of $1500. Appellant's answer did not deny this allegation. Both appellant and respondent, in their briefs, assert that the latter also filed an answer, but such answer is not included in the record on appeal. Appellant admits that such answer alleged respondent was entitled to interest. Respondent states that his answer further alleged that on September 13, 1931, he recovered a judgment upon the assignment, which, under the law, bore interest from its rendition. Appellant's answer did not admit his liability for interest, but respondent's answer, if it may be considered, did tender such issue, which required for its determination the presentation of evidence. The only evidence, however, is found in appellant's stipulation that respondent had a valid claim for $1500, without interest, as had been determined in an action- for

declaratory relief. The record is silent as to the provisions of such judgment. "Interest is the compensation allowed by law or fixed by the parties for the use, or forbearance, or detention of money." (Civ. Code, sec. 1915.) From its very nature, interest can be earned only upon a money judgment. Since the assignment, likewise, is absent from the record, there is no evidence of an agreement to pay interest. The award of interest, therefore, was not authorized.

The judgment is affirmed as to its award to the assignees of Harry C. Lockhart of what, in effect, is one-third of the original amount of the trust estate. It is modified in its distribution of the net income to the administrator of the estate of Minnie A. Lockhart, so that he shall receive that part of such income which the trustee collected in his decedent's lifetime, and the residuary legatees shall receive that part which the trustee collected after her death. It is reversed as to the allowance of interest upon the claim of John W. Luter. The trial court is instructed to modify its judgment accordingly, and to try the issue as to the allowance of interest upon such claim. Respondents Crail, Canavan and Lady shall recover their costs from appellants. Respondent John C. Miles, as administrator of the estate of Minnie A. Lockhart, and appellants shall bear their respective costs as to each other. Appellant George J. Lockhart shall recover his costs against respondent Luter.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1937.