OSCAR F. BRAVO ET AL., Petitioners, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1280. Argued April 13, 1942.—Decided April 20, 1942.

266

*José R. Gelpí* for petitioners. *Miguel A. García Méndez* and *José Sabater* for defendants in the main action.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In an action for a declaratory judgment, brought by Oscar F. Bravo and The Mayagüez Sugar Company, Inc., against Robert Heinrich Hau Schnable *et al.*, whereby it was sought to have it declared, in interpreting a clause in a lease contract existing between the parties, that 25 acres (*cuerdas*) of cane which were unharvested at the time of the termination of the lease belonged to the plaintiff corporation, the District Court of Mayagüez rendered judgment dismissing the complaint and adjudging the plaintiffs to pay costs and $500 as attorney's fees. On appeal said judgment was modified by this Supreme Court by reducing to $300 the amount of said fees, and as so modified, the judgment was affirmed. Also an appeal taken by the plaintiffs from an award of $43 made by the lower court on a memorandum of costs was dismissed. See 59 P.R.R. 692.

During the pendency of said action there was appointed a receiver for the purpose of cutting and grinding the sugar cane planted on the 25 acres of land, the proceeds of which amounted to $1,015.18 and were placed in the hands of the receiver.

Immediately after the mandate of this court had been received in the District Court of Mayagüez, the plaintiffs complied with the judgment and deposited at the disposal of the

defendants the sum of $343, which was the amount of the costs and attorney's fees. Subsequently, the defendants filed in the lower court a motion requesting that the $1,015.18, proceeds of the sale of the cane, be delivered to them, and that the plaintiffs be adjudged to pay to them $609 as interest on said sum at the legal rate. The plaintiffs consented to the delivery of the principal sum but objected to the claim for interest, alleging that neither in the judgment of the lower court nor in the one rendered on appeal by the Supreme Court had they been adjudged to pay interest, and, further, that the lower court lacked jurisdiction to allow such interest.

After a hearing, the lower court rendered a decision sustaining defendants' motion in all its parts, and to review the same the plaintiffs instituted the present certiorari proceeding upon the corresponding writ being issued, the defendants in the main action filed a written opposition and a hearing was set, which was held without the appearance of the parties who submitted the case upon briefs.

 The lower court based its decision on the following grounds:

"There is no doubt that the defendants have suffered the prejudice of not being able to dispose of the proceeds of the sugar produced by their aforesaid cane plantation from the filing of the complaint to the date on which we are deciding the motion.

"Section 341 of the Code of Civil Procedure in force says:

" 'Section 341.—(1035 Cal.) The secretary must include in the judgment entered up by him, any interest on the judgment of the court, from the time it was made, and the costs, if the same have been taxed or ascertained; and he must, within two days after the same are taxed or ascertained, if not included in the judgment, insert the same in a blank left in the judgment for that purpose, and must make a similar insertion of the costs in the copies and docket of the judgment.'

"Construing that section our Supreme Court has said:

" 'Interest—Judgment—Duty of Secretary.—Section 341 of the Code of Civil Procedure provides that the secretary of the trial court

must include in the judgment entered by him, and therefore in the writ of execution, interest on the judgment of the court from the time it was rendered although it is not expressly so provided therein.' *Hernández Mena* v. *Foote,* 22 P.R.R. 705.''

We are of opinion that neither §341 of the Code of Civil Procedure nor the case of *Hernández Mena* v. *Foote,* is applicable to· the case at bar. The judgment involved herein was not one for a liquidated sum in which the clerk of the court could include the corresponding interest two days after the rendition and entry thereof. Section 341 refers to cases where from the judgment itself there appears a sum on which the clerk may compute the interest, as happened in the case of *Hernández Mena* v. *Foote, supra,* in which $2,000 was granted as damages.

Commenting on §1035 of the Code of Civil Procedure of California which is equivalent to §341 of our code, in 14 Cal. Jur. 945, reference is made to the title ''Interest,'' at page 676, wherein it is expressly stated that ''it has been the uniform holding that all final judgments for the recovery of money bear interest . . . '' Thus, for instance, in the case of *Estate of Lockhart,* 21 Cal. App. (2d) 574, 69 P. (2d) 1001, it was held that ''from its very nature, interest can be earned only upon a money judgment.''

Confirming the rule laid down in the case of *Hernández Mena* v. *Foote, supra,* and consistent with the California decisions, this court in *Ex parte Franceschi,* 53 P.R.R. 72, said:

''Our conclusion is that section 341 of the Code of Civil Procedure creates the right to have interest at the legal rate included in a money judgment.''

The lower court has chosen to deal with this·case as if it were one of damages, when it is not such, and in its order it held as proven that the defendants ''have suffered the prejudice of not being able to dispose of the proceeds of the sugar,'' but it failed to take into consideration the fact that the plaintiffs have likewise been unable to dispose of said

proceeds, which have always been in the hands of the receiver appointed by the court. The question of whether or not the defendants suffered any prejudice is one which was not involved in this case nor covered by the judgment that had been rendered by the lower court and affirmed on appeal. Any claim which they might desire to set up on that ground should be made the subject of another action, if proper. Whether the award of $60.91 be considered damages or interest, the lower court lacked jurisdiction to grant the same in this case.

The decisions cited by the defendants are inapplicable to the facts of this case, as said decisions refer to cases of default in the performance of an obligation, where it has been held that "the indemnity for damages, in the absence of agreement, shall consist in the payment of interest at the legal rate."

The petition must be sustained and, consequently, the order rendered by the lower court on February 26, 1942, must be set aside.