58 Cal.App.2d 556 (1943)
Estate of ANNIE E. HYLAND, Deceased. WALTER KEITH JAMISON, Appellant,
v.
WELLS FARGO BANK & UNION TRUST CO. (a Corporation), as Trustee, etc., et. al., Respondents.
Civ. No. 12020. 
California Court of Appeals. First Dist., Div. One. 
May 11, 1943.
 D. T. Jenkins for Appellants.
 Gregory, Hunt & Melvin, Gregory, Hunt, Melvin & Faulkner, Darwin Bryan, Heller, Ehrman, White & McAuliffe and Joseph Toohig for Respondents. *557
 PETERS, P. J.
 Walter Keith Jamison, appellant in action No. 12,020, and Mabel Jamison Ward, whose executor is appellant in action No. 12021, and the decedent Annie E. Hyland were brothers and sisters. Walter and Mabel survived Annie. The latter died testate devising two-thirds of the residue of her estate to trustees for the use and benefit of Walter and Mabel. In due course the estate was distributed to the trustees. Thereafter, the trustees filed their first accounts together with petitions for instructions from the court. The trustees desired instructions on the question as to whether the two beneficiaries of the trust were entitled to be paid their respective portions of the income of the trust from the date of the death of the testatrix or from the date of distribution. The trial court held that they should be paid income from the date of distribution. From that determination the beneficiaries separately appeal.
 The will provided that the residue of the estate was bequeathed one-third to her niece and two-thirds to the trustees. The trusts relating to appellants read as follows:
 "(b) One-third (1/3) thereof unto my trustees hereinabove named, in trust, nevertheless, for the following uses and purposes: To pay the net income, revenue and profit therefrom, together with as much of the corpus and principal as may be necessary for his maintenance and support, monthly, unto my brother, Walter Keith Jamison. Upon his death, the sum of Five Hundred Dollars ($500.00) shall be paid from the corpus and principal thereof unto his daughter, Melba Jamison, and the remainder thereof shall be subject to the provisions of paragraph (d) below:"
 "(c) One-third (1/3) thereof unto my trustees hereinabove named, in trust, nevertheless, for the following uses and purposes: To pay the net income, revenue and profit therefrom, together with as much of the corpus and principal as may be necessary for her support, monthly, unto my sister, Mabel Jamison Ward. Upon her death, the remainder thereof shall be subject to the provisions of paragraph (d) below."
 It is to be noted that, so far as the bequest to Walter is concerned, the will provides that as much of the corpus of the trust "as may be necessary for his maintenance and support" is included, but there is no reference in the will to the bequest of income being for such purposes. The provision for Mabel is the same, except that the word "maintenance" *558 is omitted. The decree of distribution follows the language of the will.
 The testatrix died in 1938. The decree of distribution was made November 14, 1939. Income on each interest from the date of death to the date of distribution amounts to $3,578,81. There was no direct language in the will indicating any intent as to when the right to income should accrue. The extrinsic evidence was conflicting as to whether the beneficiaries, prior to the testatrix' death, were dependent upon her.
 [1] At the time these cases were tried and the appeals taken, there was considerable confusion in the law of this state as to whether beneficiaries of trusts not for maintenance and support, in the absence of an expression of intent on the part of the testator, were entitled to income from the date of the death of the testator, or from the date of distribution. There was substantial authority that in such circumstances the right to income dated from the date of the decree of distribution. The decree here appealed from, holding that the right to income dated from distribution, was predicated on those cases. However, the Supreme Court has recently overruled those cases and brought the rule in California into accord with what it held to be was the weight of authority elsewhere (Estate of Platt, 21 Cal.2d 343 [131 P.2d 825].) In that case, as here, the trusts were not for maintenance and support. As here, there was nothing in the will to indicate the desires of the testatrix as to her intent. The Supreme Court pointed out that the majority rule elsewhere, and the rule of the Restatement of the Law of Trusts, section 234, is that in the absence of express provision in the will to the contrary the beneficiaries are entitled to receive income from the date of the death of the testator, and that this rule applies whether or not the trust is one for maintenance and support. The opinion of the Supreme Court points out that under the law of this state the title under a testamentary disposition vests as of the date of death of the testator, that as a result the trustee's title and that of the beneficiary vest as of that date, and concludes that the life tenant is therefore entitled to income from that date as an incident of that title. It is held that this conclusion is made conclusive by the express language of section 160 of the Probate Code, a section apparently overlooked in the cases adopting the minority view and which are overruled by the Supreme Court.
 In an attempt to distinguish the Platt case, supra, at the *559 oral argument counsel for respondents argued that section 160 of the Probate Code only applies where there is a bequest of the "income of a certain sum or fund" to trustees, and urged that the present bequest is not of such a nature. Section 160 provides that: "In case of a bequest of the interest or income of a certain sum or fund, the income accrues from the testator's death." By the provisions of section 163 of the Probate Code it is provided that the intention of the testator if expressed controls as to the time the right to income accrues. Respondents argue that the Supreme Court did not overrule Estate of Brown, 143 Cal. 450 [77 P. 160]; Clayes v. Nutter, 49 Cal.App. 148 [192 P. 870] and In re Mackay, 107 Cal. 303 [40 P. 558], in the Platt case, and from that premise contend that the court must have felt either that a bequest of a portion of the residue of an estate is not a bequest of a certain fund, or that such a bequest indicates an intention under section 163 not to have the right to income vest until distribution. The language of the Supreme Court in reference to this point is as follows (21 Cal.2d 343 [131 P.2d 825] at p. 349): "Insofar as Fraser v. Carman-Ryles, supra [8 Cal.2d 143 (64 P.2d 397)], Estate of Watson, supra [32 Cal.App.2d 594 (90 P.2d 349)], Estate of Lockhart, supra [21 Cal.App.2d 574 (69 P.2d 1001)], and the language of Estate of Bourn, supra [25 Cal.App.2d 590 (78 P.2d 193), as well as any other cases in this State, are inconsistent with the rule of section 160 of the Probate Code as interpreted herein, they are expressly disapproved. The cases of Clayes v. Nutter, 49 Cal.App. 148 [192 P. 870], and Estate of Mackay, 107 Cal. 303 [40 P. 558], present situations similar to that of Estate of Brown, supra [143 Cal. 450 (77 P. 160)], and the conclusions reached in them are justified by the facts concerning the expressed intention of the testator. (Prob. Code, sec. 163.) In each of these three cases, under the provisions of the will the terms of which were in controversy, there could be no income available for distribution until a specified amount of money was distributed to the trustees and subsequently invested by them."
 It is quite apparent that the Platt case cannot thus be distinguished. In that case, as in the instant case, the will contained certain specific bequests and the balance of the estate was bequeathed to trustees. The only difference between the cases is that in the Platt case the entire residue was bequeathed *560 to trustees with instructions to pay the wife $250 per month from the income of the trust, the next $250 per month of the income to go to the son, and the balance to be equally divided, while in the instant case one-third of the residue was bequeathed to a named legatee, one-third to the trustees with directions to pay the income to Walter, and one-third of the residue to the trustees with directions to pay the income therefrom for the benefit of Mabel. There is no logical reason why such a bequest as is here involved should be governed by rules different from those stated in the Platt case. There is nothing in either type of bequest to indicate any expressed intent on the part of the testator within the meaning of section 163 of the Probate Code. That being so, the rule of the Platt case is here controlling.
 The portions of the decree appealed from are reversed.
 Knight, J., and Ward, J., concurred.