[S. F. No. 12015. In Bank.—October 17, 1927.]

In the Matter of the Estate of JOHN C. DALY, Deceased. FLORENCE ADELE DALY, Appellant, v. WILLIAM GEORGE et al., Executors, etc., Respondents.

[1] ESTATES OF DECEASED PERSONS—WILLS—SPECIFIC LEGACIES—ACCESSIONS.—A bequest of one-half of the stock of a certain company, being "a legacy of a particular thing, specified and distinguished from all others of the same kind," is a specific bequest, and specific legacies carry with them all accessions by way of dividends, or interest, that may accrue after the death of the testator.

[2] ID.—CONSTRUCTION OF WILL—ADJUSTMENT.—Where a testator, desiring to make up a deficiency in favor of one of his daughters, provided in his will that the difference "be paid from my estate," this clause must be read in connection with other provisions of the will leaving property to his executors in trust for his residuary legatees and devisees subject to equalization as provided in the will and providing that the income from the trust property should be paid to the residuary legatees and devisees "after all equalizations as provided for in said will"; and a specific bequest to the widow of the testator was not intended by him to be charged in any way, either as against the *corpus* of the specific be-

---

1. Distinction between general and specific legacies of stocks, bonds, or securities, notes, 10 **Ann. Cas.** 490; 19 **Ann. Cas.** 1187. See, also, 28 **R. C. L.** 293, 294. Is bequest of stocks, bonds, or notes general or specific, note, 11 **L. R. A. (N. S.)** 49. Specific devises, notes, 140 **Am. St. Rep.** 577. Right of legatee to dividends, note, 45 **L. R. A.** 393. See, also, 11 **Cal. Jur.** 484, 486; 26 **Cal. Jur.** 1045; 28 **R. C. L.** 294. Dividends declared before testator's death as passing to legatee of stock, note, 10 **A. L. R.** 1326.

2. See 26 **Cal. Jur.** 1043.

quest or the income therefrom, with the adjustment of the portion of the estate to be received by the daughter.

[3] ID.—SPECIFIC LEGACIES—CHARGE FOR DEBTS AND EXPENSES.—If the difference in favor of the daughter, in such case, could be properly considered a debt or expense against the estate, the specific legacy to the widow would be charged therewith if there were no other sufficient estate to satisfy the same, but a specific legacy is exempt from liability for debt and expenses if there be other sufficient estate to satisfy them, and it was the intention of the testator that the specific legacy be not so charged.

(1) 40 Cyc., p. 1875, n. 16, p. 1881, n. 61.   (2) 40 Cyc., p. 2010, n. 31.   (3) 40 Cyc., p. 2068, n. 3.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying in part a petition for partial distribution. Thomas F. Graham, Judge. Reversed.

The facts are stated in the opinion of the court.

Jos. T. O'Connor, Alexander McCulloch and Cross & Brandt for Appellant.

Karl C. Partridge and Cullinan & Hickey for Respondents.

SHENK, J.—This is an appeal from an order denying in part a petition for partial distribution.

The decedent, John D. Daly, died testate on the first day of January, 1923, at the age of eighty years. His will, of date September 8, 1912, and codicils thereto dated June 2, 1922, and November 17, 1922, were duly admitted to probate. On January 25, 1923, the son and a son-in-law of the decedent qualified as executors. The testator was survived by the son, four daughters, Sarah F. Tilton, Lillie I. George, Ida E. Levensaler, and Minnie E. Carson, and the widow, Florence Adele Daly, the appellant herein. During his lifetime the testator made deeds of gift and advancements to his five children. The second paragraph of the will devised and bequeathed to the daughters other than Minnie E. Carson all of the estate, "subject, however, to the charges against my estate and provisions for equalizing benefits received or to be received from me or my estate and provisions

for . . . my daughter, Minnie E. Carson, hereinafter contained.''

The daughter, Minnie E. Carson, received by means of deeds and advancements less property than the other daughters. With the expressed purpose and desire to have his four daughters participate equally, it was provided in the will as follows: ''And, I further will and direct that before distribution of my said estate is made and at the time thereof, so nearly as may be, there shall be ascertained the value of my said estate otherwise subject to distribution to my said daughters other than Minnie E. Carson, plus the then value of all the properties conveyed to my daughters as herein recited. . . . That said value of all said properties be divided by four and that said Minnie E. Carson be paid from my estate the difference (if there be any to her detriment) . . . ; and I hereby give, devise and bequeath unto her a sum so to be paid to her equal to said difference.'' Until this division was accomplished Mrs. Carson was to receive $100 per month from the estate. At the time the original will was executed the testator was a widower. He subsequently remarried. By the codicil of June 2, 1922, he republished the original will subject to the provisions of the codicil. The second paragraph of this codicil provided for a $500 bequest to each of seven grandchildren and other relatives. In the third paragraph the testator bequeathed one-half of 15,377½ shares of the Dairy Delivery Company, a corporation, then owned by him, to the appellant and the other one-half to his executors in trust for his residuary legatees and devisees (which class included the daughters, but did not include the widow), subject to equalization according to said will. The executors as trustees were required to account to the ''ultimate beneficiaries of the trust after all equalizations provided for in said will.'' If the said stock was disposed of prior to the death of the testator, the widow was to receive the sum of $125 per month during her lifetime. The codicil of November 17, 1922, made additional specific bequests not material to this controversy. During the course of administration the executors received as dividends on all of the stock of the Dairy Delivery Company the sum of $66,931.14. The widow filed her petition for partial distribution, wherein she prayed that the court distribute to her the stock and the dividends

accrued thereon. The court made its order distributing to her one-half of said stock, but denied the petition for the distribution to her of one-half of the income therefrom. It is from that portion of the order denying the distribution of the income from one-half of the stock that this appeal is taken.

[1] The bequest to the widow of one-half of the stock of the Dairy Delivery Company, being a "legacy of a particular thing, specified and distinguished from all others of the same kind," was, of course, a specific bequest (Civ. Code, sec. 1357; *Estate of De Bernal*, 165 Cal. 223 [Ann. Cas. 1914D, 26, 131 Pac. 375]), and "specific legacies carry with them all accessions by way of dividends or interest that may accrue after the death of the testator." (2 Schouler on Wills, sec. 1138, p. 1300; *Estate of De Bernal, supra; Matter of Estate of Woodworth*, 31 Cal. 595, 605; *Larned v. Adams*, 14 Fed. Cas. 1155, 1158; *Nash v. Ober*, 2 App. D. C. 304, 308; *Walton v. Walton*, 7 Johns. Ch. (N. Y.) 258 [11 Am. Dec. 456]; see 11 Cal. Jur., pp. 484, 486.)

[2] Notwithstanding the foregoing well-recognized propositions of law, it is contended by the respondents that the several testamentary instruments—the will and the two codicils—must be read together (Civ. Code, sec. 1320), and that when so read it must be concluded that it was the intention of the testator to make the deficiency in favor of Minnie E. Carson a charge against the entire estate, because in one clause in the original will it was provided that the said difference "be paid from my estate." But that clause must be read in connection with the other provisions of the will that the trust property, which, of course, does not include the legacy to the widow later provided for, is left to the residuary devisees and legatees subject to equalization as provided in the will, and that the income from the trust property shall be paid to the residuary legatees and devisees "after all equalizations, as provided for in said will." The clause last quoted plainly refers to the equalization of the shares of the four daughters. Considering the three documents as one, we are unable to conclude that the specific bequest to the widow was intended by the testator to be charged in any way, either as against the *corpus* of the specific bequest or the income therefrom, with the adjustment of the portion of the estate to be received by Minnie

E. Carson. **[3]** If the difference in favor of the daughter could be properly considered a debt or an expense against the estate, the specific legacy to the widow would be charged therewith if there were no other sufficient estate to satisfy the same, but a specific legacy is exempt from liability for debts and expenses if there be other sufficient estate to satisfy them, and it was the intention of the testator that the specific legacy be not so charged (Code Civ. Proc., sec. 1563). No such intention appears and no question of the insufficiency of the estate otherwise to satisfy all claims or to respond to the equalization provided for by the testator is here involved. If it had been the intention of the testator to make the specific bequest to the widow subject to such equalization, it would have been an easy matter to have so provided in the codicil. The fact that he did not do so is persuasive that such was not his intention. It is pointed out that the executors, prior to the filing of the petition for partial distribution, paid in full the specific bequests to the grandchildren and others without abatement on account of the equalization of the share to be received by Mrs. Carson. This payment is not objected to by the appellant, but it is referred to as an indication that the executors believed that the specific legacies were not charged in any way with the adjustment of Mrs. Carson's share. There is nothing in the record to indicate that they were incorrect in so believing.

The portion of the order appealed from is reversed.

Richards, J., Waste, C. J., Langdon, J., Curtis, J., and Seawell, J., concurred.