[Civ. No. 7374. First Appellate District, Division Two.—May 10, 1930.]

In the Matter of the Estate of ANGIOLA BACIGALUPI, Deceased. CHARLES DEL RE et al., Appellants, v. ANTONIO NARDINI, Executor, etc., Respondent.

Ward G. Rush and Russell & Heid for Appellants.

W. W. Sanderson for Respondent.

NOURSE, P. J.—This is an appeal from a decree of distribution and settlement of final account. The appeal is taken on typewritten transcripts.

The appellants Charles Del Re and Teresa Del Re took a life estate in certain real property in the city of Tulare under the will of Angiola Bacigalupi, deceased. By the terms of this will their interest in the property was to ter-

minate upon the death of either one of the devisees and the entire estate was then to go to their six children named in the will. The will contained numerous bequests to relatives of the deceased and left the residue to a nephew and to a friend in equal shares. The total value of the estate for purposes of distribution was found to be over $76,000, of which amount over $31,000 made up the residue devised to these two individuals. In settling the account and decreeing distribution the trial court determined that all legacies should bear a proportionate amount of the costs of administration and for that purpose allotted the sum of $1,659.88 to these appellants, making that sum a charge upon the life estate devised to them.

On this appeal the single question involved is whether the expenses of administration should thus be proportioned among the legacies or charged entirely to the residuum. Appellants rely upon the provisions of section 1359 of the Civil Code, which prescribes the order in which the property of the estate must be resorted to for the payment of debts. They read this section with section 1563 of the Code of Civil Procedure, which provides that all the estate given by will to legatees or devisees is liable for the debts, costs of administration and family expenses in proportion to the value or amount of the several devises or legacies. They argue that section 1563 of the Code of Civil Procedure begins to operate only when the conditions of subdivision 5 of section 1359 of the Civil Code occur. That is to say, when all the property mentioned in the first four subdivisions of section 1359 of the Civil Code is found insufficient to satisfy the debts and expenses of administration and when resort must therefore be had under subdivision 5 to "all other property ratably," then the method of resorting to the property ratably is that prescribed in section 1563 of the Code of Civil Procedure.

In order that we may better understand the point involved we quote the two code sections in full: "1359. The property of a testator, except as otherwise specially provided in this code and the Code of Civil Procedure, must be resorted to for the payment of debts, in the following order: One. The property which is expressly appropriated by the will for the payment of the debts; Two. Property not disposed of by the will; Three. Property which is devised or

bequeathed to a residuary legatee; Four. Property which is not specifically devised or bequeathed; and, Five. All other property ratably. Before any debts are paid, the expenses of the administration, and the allowance to the family, must be paid or provided for." "1563. The estate, real and personal, given by will to legatees or devisees, is liable for the debts, expenses of administration, and family expenses, in proportion to the value or amount of the several devises or legacies, but specific devises or legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate."

In support of the decree the respondent argues that there is an irreconcilable conflict between section 1359 of the Civil Code and section 1563 of the Code of Civil Procedure, if the former is read as in anywise relating to the payment of expenses of administration. Their point is that the Civil Code section prescribing the method by which the property shall be resorted to relates solely to the payment of debts of the decedent and not to the payment of expenses of administration or of the allowance to the family, and that section 1563 of the Code of Civil Procedure, relating to the method of prorating legacies, alone refers to the proration of the expense of administration and allowance to the family. By so interpreting the sections the respondent has been able to create some inharmony between them, but there is no justification for such interpretation. Section 1563 of the Code of Civil Procedure expressly relates to the payment of debts, expenses of administration and family expenses. It provides for the prorating of these debts and expenses among the various legacies and for the exemption of specific legacies under certain conditions. Manifestly there is to be no prorating of *debts* of the estate if any of the properties mentioned in the first four subdivisions of section 1359 of the Civil Code are available for that purpose, and in so far as the payment of the debts of the estate are concerned, it is manifest that section 1563 does not begin to operate until we reach the property mentioned in subdivision 5 of section 1359 of the Civil Code. This is made the more clear by the provisions of subdivision 5 to the effect that the expenses of administration and the allowance for the family must be paid or provided for before any debts are paid.

What possible reason could there be for holding that the debts should be paid out of any of the properties mentioned in subdivisions 1 to 4 of section 1359, but that before this is done the expenses of administration and the allowance to the family must be prorated under the provisions of section 1563? Thus section 1560 of the Code of Civil Procedure corresponds with subdivision 1 of section 1359 of the Civil Code and section 1562 corresponds with subdivisions 2 and 4 of the Civil Code section except that in the Code of Civil Procedure the words ''expenses of administration and family expenses'' are added. There is no section of the Code of Civil Procedure corresponding to subdivision 3, which relates to the devise to a residuary legatee. However, the practice has been uniform from the adoption of these various code sections that specific devises or legacies shall be exonerated from the payment of debts of the deceased, funeral expenses and expenses of administration if, in the absence of other provision in the will for that purpose, sufficient property is bequeathed to a residuary legatee. That is to say, the accepted rule is that the order in which the property of the estate is to be resorted to for the payment of debts of the deceased as prescribed in section 1359 has been the accepted and approved order in reference to the payment of funeral expenses, allowance to the family and expenses of administration. Recent authorities in harmony with this practice are *Estate of Babb,* 200 Cal. 252 [252 Pac. 1039, 1042], and *Estate of Daly,* 202 Cal. 284 [260 Pac. 296]. In *Estate of Babb,* the Supreme Court at page 260 said: ''Property bequeathed to a residuary legatee must be resorted to for the payment of the debts of the deceased, funeral expenses, and expenses of administration, prior to any resort being made to property specifically devised or bequeathed (Civ. Code, sec. 1359; Code Civ. Proc., sec. 1563).'' In that case, as here, the special devise of the life estate to appellant was specific, whereas the bequest to the residuary legatees was general within the definition of section 1357 of the Civil Code. In the *Estate of Daly, supra,* at page 288, the Supreme Court reaffirmed the rule that a specific legacy is exempt from the payment of expenses of administration ''if there be other sufficient estate to satisfy them, and it was the intention of testator that the specific legacy be not so charged.''

Respondent here earnestly contends that because the probate court recited in the decree that it was not necessary to exempt this specific life estate in order to carry into effect the intention of the testatrix, therefore this court is bound to assume that the conditions were such that all these expenses should be prorated under the provisions of section 1563. Aside from the fact, as we have heretofore shown, that this section is applicable to the specific devises and legacies only when there is no other sufficient estate to satisfy them, it is apparent that the record fails to support the respondent in this respect. The best evidence of the intention of the testatrix is the will itself, and we could perceive of no other state of circumstances which would more imperatively call for a finding of necessity that the specific devise should remain intact than one where that devise was of specific real property carrying a life estate to named individuals with the remainder over to others likewise denominated in the will. But as has been said in *Estate of Daly, supra,* page 288, if it had been the intention of the testatrix to make this life estate subject to equalization for the payment of expenses of administration it would have been an easy matter to have done so, and the fact that it was not done is persuasive that such was not her intention. No such intention appears from any provision of the will here involved, but, on the other hand, the contrary is evident from the fact that the cash in the estate was left to the residuary legatees sufficient to meet these expenses without resort to the real property covered by the specific legacies.

The order is reversed, with directions to modify the decree in accordance with the views herein expressed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 6, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1930.