ALFRED HARRELL, EXECUTOR, ESTATE OF J. M. JAMESON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25783. Promulgated June 18, 1930.

*C. V. Anderson, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: By his pleadings in this proceeding and at the hearing the respondent, through his counsel, has admitted that the bequest of 20,000 shares of stock of California Rand Silver, Inc. to John Myron Jameson contained in the codicil of the will of J. M. Jameson dated November 13, 1920, is a specific legacy. We are thoroughly in accord with this view, particularly in the light of decisions rendered in similar cases by the courts of California and other jurisdictions. See *In Re Zeile*, 74 Cal. 125; *Estate of Daly*, 202 Cal. 284; *Moore* v. *Moore*, 50 N. J. Eq. 554; 25 Atl. 403; *Loring B. Woodward*, 41 N. H. 391; Page on Wills, secs. 768, 769.

Section 1363 of the Civil Code of California provides:

SPECIFIC DEVICES AND LEGACIES: In a specific devise or legacy the title passes by the Will, but possession can only be obtained from the personal representative and he may be authorized by the Superior Court to sell the property devised and bequeathed in the cases herein provided.

Under that provision the title to a specific legacy vests in the devisee from the moment of the death of the testator. *Raulet* v. *Northwestern Insurance Co.*, 157 Cal. 213, and cases therein cited; *Western Pacific Railway Co.* v. *Godfrey*, 166 Cal. 346, and cases therein cited. In the latter case the court said:

The legatee does not derive title from the decree of distribution but from the will, which takes effect immediately upon the death of the testator. The decree of distribution does not create the title. It merely declares the title that accured under and by the will. (*Chever* v. *Ching Hong Poy*, 82 Cal. 68 (22

Pac. 1081) ; *Martinovich* v. *Marsicano,* 137 Cal. 354 (70 Pac. 459) ; *Cooley* v. *Miller & Lux,* 156 Cal. 510, (105 Pac. 981). * * *

Pending the administration the personal representatives of the decedent are entitled to the possession of the estate for the purposes of administration, but the title vests in the heirs or devisees and legatees, subject only to the right of possession of the personal representatives of the decedent.

Section 1563 of the Code of Civil Procedure of California is as follows:

The estate, real and personal, given by Will to legatees or devisees, is liable for the debts, expenses of administration and family expenses in proportion to the value or amount of the several devises or legacies, but specific devises or legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate.

The record discloses that there were ample funds in the estate of J. M. Jameson from which the debts and cost of administration were paid. Therefore, the specific legacy of 20,000 shares of capital stock of California Rand Silver, Inc., became the immediate and exclusive property of the legatee, John Myron Jameson, upon the death of the testator.

There remains for our consideration only the question whether or not the dividends on the said 20,000 shares of stock paid to the petitioner as executor of the estate of J. M. Jameson, deceased, during the probate of the said estate in 1922, adhered to the specific legacy, became the income of the specific legatee during that period, and formed no part of the residuary income of the estate. Specific legacies carry with them all the accessions by way of dividends or interest that may accrue after the death of the testator. *Estate of Daly, supra; Estate of De Bernal,* 165 Cal. 223; *Estate of Woodworth,* 31 Cal. 600.

The Superior Court of Kern County, California, determined that the dividends on the 20,000 shares of stock were the property of John Myron Jameson, specific legatee, and directed the executors of the estate to pay them over to him. Payment was made on August 7, 1922, within the taxable year. Such dividends came into the hands of the petitioner by virtue of the laws of California relating to administration, solely for the purposes of collection and distribution to the specific legatee.

Section 219 of the Revenue Act of 1921 provides:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

\*    \*    \*    \*    \*    \*    \*

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. \* \* \*

In our opinion the dividends in question were properly paid to the specific legatee, James Myron Jameson, and come within the exceptions contained in section 219 (c).

*Decision will be entered under Rule 50.*