## ROSENBERG v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9502.

Circuit Court of Appeals, Ninth Circuit

Nov. 29, 1940.

Hartley F. Peart and Howard Hassard, both of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Michael H. Cardozo, IV, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner filed herein petition for review of the decision of the United States Board of Tax Appeals upholding the decision of respondent upon the taxation of the estate of Abraham Rosenberg, deceased.

The decedent died in San Francisco in 1929, leaving as survivors his widow, Alice J. Rosenberg, and one daughter, Louise R. Bransten. His estate was distributed by the Superior Court in 1935, but the petitioner has not been discharged as administratrix with the will annexed. The estate was appraised at $2,283,348.18. It consisted principally of 17,400 shares of the preferred stock and 16,450 shares of the com-

mon stock of Rosenberg Bros. & Co., a corporation engaged in the business of handling and packing dried fruits and related commodities. Their stock was appraised at $2,001,000. The will left the sum of $500,000 in trust for his daughter, and after providing specific legacies for various persons, made his widow the residuary legatee. In addition to whatever might come from that source she acquired, under the law of California, a half interest in community property appraised at $1,182,408.45. This property consisted for the most part of 9,048 shares of the preferred stock of Rosenberg Bros. & Co. Upon 4,524 shares, her half of that stock, Walter Rothschild, the executor of decedent's will, received dividends amounting to $25,785.32 in 1933 and to $27,142.44 in 1934. In addition to these dividends he also received $1,594.86 as interest upon her one-half of community bank deposits.

The executor, for the year 1933, returned as income accruing to the estate the sum of $25,785.32 received as dividends from the widow's half of the community stock during that year, but for 1934 did not return as such income either the $27,142.44 received as dividends upon the same stock during the year as the sum of $1,495.86 received as interest on the widow's half of the community property. Upon these dividends for both years and upon the interest received in 1934 the widow paid income taxes. The executor contended before the Commission that neither of these dividends nor the interest was taxable to the estate; but the Commissioner decided that the dividends for both years and the interest on the widow's behalf of the community property in 1934 were taxable to the estate as income and assessed the estate accordingly.

The Commissioner also disallowed deductions claimed by the executor in behalf of the estate on account of certain payments made by the widow to her daughter in 1933 and 1934. It appears that during the administration of the estate a question arose as to whether the executors were required to pay to the daughter, Louise R. Bransten, as the beneficiary of the $500,000 trust, the interest upon the trust fund or in lieu thereof the income accruing to the estate upon assets of equivalent amount. To avoid litigation and to prevent a serious disturbance of the business of Rosenberg Bros. & Co., the chief source of the current income of the estate, the widow agreed to pay to her daughter out of her individual funds the sum of $18,000 per year in monthly installments of $1,500 for the years 1933 and 1934 in consideration for which the daughter surrendered her claim against the estate for interest upon the trust fund or income upon equivalent assets. Accordingly, Mrs. Rosenberg paid to her daughter the sum of $36,000 over the two-year period in monthly installments of $1,500 each. The Superior Court approved this contract, to which the then surviving executor was also a party, as having been made for the best interests of the estate and adjudged that these payments by Mrs. Rosenberg to her daughter had fully satisfied and discharged all claims which the latter might have had against the estate, for interest or income, as beneficiary of the $500,000 trust fund during the years 1933 and 1934. The executor, in making his return for those years, made no deductions from income on account of these payments; but claims for such deductions were later made and disallowed by the Commissioner, who assessed the estate accordingly.

The Board of Tax Appeals sustained the action of the Commissioner. The petition for review of the Board's decision attacks it on both points.

We shall first consider the income on the widow's half of the community property. There have been many statutory changes in the law of California dealing with the rights of the husband and wife in and to the community property. These changes were noted and discussed by this court in Hirsch v. United States, 9 Cir., 62 F.2d 128, 129, and it is unnecessary to repeat that historical review. The community property of the decedent and his spouse was acquired before any of the statutory changes which, during the period 1917 to 1927, inclusive, increased the rights and powers of the wife in and over community property subsequently acquired. As we said in that case, as to property so acquired: "The community property belonged to the husband, and of course the income on that property also belonged to him."

Petitioner concedes that "while the husband is alive all community property acquired before July 29, 1927, is owned by the husband subject to an expectancy in the wife." See, also Stewart v. Stewart, 199 Cal. 318, 249 P. 197. It is also conceded by petitioner that for the purpose of the federal estate tax the interest of the wife in

the community property acquired before that date was a part of the estate, citing Sampson v. Welch, D.C., 23 F.Supp. 271, and this court's decision in United States v. Goodyear, 9 Cir., 99 F.2d 523; see, also, Talcott v. United States, 9 Cir., 23 F.2d 897, certiorari denied. 277 U.S. 604, 48 S.Ct. 601, 72 L.Ed. 1011. Nevertheless, it is contended that the wife's share of the community property, for the purpose of the federal income tax "is not and cannot be a part of the 'estate' of her deceased husband". We are unable to agree with this contention.

Whatever difference may have existed between the rights of heirs in the property of an intestate and the rights of the widow in community property acquired by her husband and herself prior to the year 1927, it is clear that upon the death of the husband their property is subject to administration in the Superior Court sitting in probate. That court not only determines what debts and what expenses of administration are to be paid therefrom but also determines what part of the property of the decedent is community property, when it was acquired, the attributes thereof, and the respective rights of the widow and heirs, devisees or legatees therein. Until the administration of the estate it cannot be determined authoritatively by any other courts what property is and what property is not community property, or how the distribution shall be made. Cal.Probate Code, Deering, 1937, §§ 202, 300.

. In view of these considerations the community property is to all intents and purposes a part of the estate of the deceased husband which, under the revenue laws of the United States, is treated as an entity having duties and obligations during the administration of the estate which are distinct from those of the owner of the property which is subject to administration. Revenue Act of 1932, c. 209, 47 Stat. 169, sec. 161(a) (3), Id.Sec. 162(c), 26 U.S.C.A. Int.Rev.Code §§ 161(a) (3), 162(c), Treasury Regulations 86.

We conclude that the income derived from the community property of the decedent in the hands of the executor of his will was subject to taxation as a part of the income of the estate.

We now turn to the monthly payments of $1,500 each amounting in all to the sum of $36,000, which the mother made to the daughter during the years 1933 and 1934 in consideration of the daughter's waiver of her right to income from the $500,000 trust fund while the estate was in course of administration. The amount of the income from the trust fund exceeded the amount paid by the mother to the daughter during this period. The estate claims the right to deduct these monthly payments from the gross income of the estate upon the theory that in substance and effect the payments by the mother to the daughter in lieu of the income she would otherwise have received from the estate was a payment by the estate.

In this connection much emphasis is laid upon the fact that the mother was the residuary legatee so that payment by her was virtually payment by the estate. On the other hand, the government contends that since the daughter waived her claim to income from the estate, it is not entitled to make this deduction and that the fact that this waiver was based upon a consideration moving from the mother is immaterial.

It cannot be doubted that if these monthly payments had been made directly to the daughter by the estate or had been made in course of distribution, the amount then paid would be deductible from the gross income of the estate in estimating its taxable income. If for convenience the mother had advanced cash to the estate to be paid by it to the daughter, the right to deduct this amount would still be clear, for the payments would have been made by the estate. But the difficulty here is that the mother made the payments directly to the daughter in consideration of the daughter's waiver of her claim against the estate. In effect the mother, as the residuary legatee, purchased from her daughter for the benefit of the estate the amount of income, whatever it might be, accruing to the daughter from the trust fund during the years 1933 and 1934. Under this plan of action the estate was relieved of any obligation to pay the amount of the income to the daughter and consequently cannot deduct the amount paid the daughter from its gross income. The mother, as residuary legatee, took her chances on a distribution to her of the income from the trust which, by reason of the agreement, became a part of the corpus of the estate.

The petitioner insists that a liberal construction of the transaction would treat the same as a constructive payment by the es-

tate to the daughter and that any other construction would result in injustice. It is said that since the estate would have been bound to pay the daughter the income from the trust fund, in the absence of the agreement, the mother's payments under the agreement were in effect payments in discharge of the estate's obligation; but even if that be conceded it does not follow that the estate is entitled to a deduction. The estate did not make the payments. Mrs. Rosenberg made them and she herself could have claimed no deduction from her income, assuming that the payments were made out of income (which is not shown to have been the case), on account of discharging another's obligations. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L. Ed. 212. It is further argued that failure to treat these payments as constructively made to the daughter by the estate would ultimately result in double taxation, since the daughter herself has already and quite properly paid taxes upon the income received in the form of the payments; but, whether we regard the payments as having been made by Mrs. Rosenberg out of her income upon which she had paid taxes or as constructively made by the estate out of income upon which it had paid taxes, in neither case would double taxation appear, for in each case there would be two incomes, one received by the daughter and another previously received either by the mother or by the estate.

It is true that in determining whether or not a tax is due under the various circumstances which may be presented to the court by the taxing authorities, the court looks at the substance of the transaction to ascertain the incidence of the tax. Cf. Sanborn v. Com'r, 8 Cir., 88 F.2d 134, certiorari denied 301 U.S. 700, 57 S.Ct. 930, 81 L.Ed. 1355. But, taking a liberal view of the transaction in question, we cannot find a payment of this income by the estate or a subsisting obligation to pay it. The money paid the daughter did not come from the estate. The only effect upon the estate was the result of the daughter's relinquishment of her right to the income from the trust. Consequently, under the agreement itself the daughter, instead of receiving the income from the estate, expressly agreed that she should not receive it. . The income was to remain in the estate. No doubt it was believed by all persons concerned that this income would ultimately go to the residuary legatee as a part of the corpus of the es-

tate, but there was no agreement to that effect. The facts do not justify the deduction of the amounts paid to the daughter as a payment or obligation of the estate.

Order affirmed.