[Civ. No. 12024. First Dist., Div. One. July 31, 1942.]

Estate of LORENZO DE SANTI, Deceased. LIVIO PAR-
DINI et al., Appellants, v. MARIO GIANNINI, as
Executor, etc., et al., Respondents.

Gascoe O. Farley and Arthur J. Manasse, Jr., for Ap-
pellants.

R. L. Husted for Respondents.

KNIGHT, J.—This is an appeal from an order settling
the final account of the executor of the will of Lorenzo De
Santi, deceased, and involves the validity of that portion of
the order directing the debts of the decedent and expenses of
administration to be paid from the property specifically de-
vised and bequeathed to persons not related by blood to the
decedent, and that no part thereof be paid from the property

disposed of to blood relatives by the residuary clause of the will.

The will was holographic, and written in Italian. Translated, the pertinent parts thereof are as follows: "Article 2nd I give to Livio and Carolina Pardini my four lots No. 2, 3, 4 and 5 with my house and furniture which will be found on said lots in Block 5332. Article 3rd I give to Rinaldo and Emilia Bianchi my nephew and niece, my four lots No. 15, 16, 17 and 18 in Block 5332 all of which said lots will be found in my name on the register of the assessor of San Francisco, California. Article 4th All of the rest of my property I give in equal parts to my heirs according to the laws of succession of the State of California." Livio and Carolina Pardini, the appellants herein, and Rinaldo Bianchi are not related by blood to the decedent. The latter is the husband of Emilia Bianchi, the decedent's niece. The heirs of the decedent were his three daughters, namely Erminia Giorgi, Ida Lombardi, and Jennie Pellinacci, to whom the residue of the estate was bequeathed. The estate was appraised at $21,-193.76; the specific devise to appellants, consisting of decedent's home and furniture, was valued at $3,050; the specific devise to Rinaldo Bianchi was valued at $300, and to Emilia Bianchi, $300. Hence a residue of $17,543.76 remained in the estate prior to the payment of debts and expenses of administration; and the debts and expenses of administration amounted to $2,463.61. The probate court's order was: ". . . that the sum of $2,463.61, the total disbursements and expenses in said estate, as set forth in said account, be and the same is hereby made charge above against the bequests and legacies of those devisees and legatees not related by blood to said decedent, namely: LIVIO PARDINI, CAROLINA PARDINI and RINALDO BIANCHI, and that no part of said sum be chargeable against the bequests and legacies to EMILIA BIANCHI, ERMINIA GIORGI, IDA LOMBARDI and/or EGIZIA PELLINACCI, also known as JENNIE PELLINACCI, the kindred of said decedent." The foregoing order is not sustainable.

█ Section 750 of the Probate Code provides: "If the testator makes provision by his will, or designates the estate to be appropriated, for the payment of his debts, the expenses of administration, or family allowance, they must be paid according to such provision or out of the estate thus appropriated, so far as the same is sufficient. If insufficient, that

portion of the estate not disposed of by the will, if any, must be appropriated for that purpose; *and if that is not sufficient, the property given to residuary legatees and devisees,* and thereafter all other property devised and bequeathed *is liable for the same,* in proportion to the value or amount of the several devises and legacies, *but specific devises and legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate.''* (Italics ours.) Here all the estate was disposed of by will; no provision is made for the payments of debts or expenses, nor is there any designation of any particular portion of the estate to be appropriated for the payment of them. Therefore the provision that the property given to residuary legatees and devisees is liable next in order for the payment of debts and expenses of administration, is applicable to the present situation, and as appellants contend clearly requires that the debts and expenses shall be paid from the residuary estate. Furthermore, as will be noted, section 750 contains this provision: ''. . . but specific devises and legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate''; and in the *Estate of Bacigalupi,* 105 Cal. App. 578 [288 Pac. 122], in construing section 1359 of the Civil Code, the predecessor of section 750 of the Probate Code, it was specifically held that property bequeathed to residuary legatees must be resorted to for the payment of expenses of administration before any resort is made to property specifically devised or bequeathed, in the absence of a contrary intention on the part of the testator. In so holding the court said: ''However, the practice has been uniform from the adoption of these various code sections that specific devises or legacies shall be exonerated from the payment of debts of the deceased, funeral expenses and expenses of administration if, in the absence of other provision in the will for that purpose, sufficient property is bequeathed to a residuary legatee. That is to say, the accepted rule is that the order in which the property of the estate is to be resorted to for the payment of debts of the deceased as prescribed in section 1359 has been the accepted and approved order in reference to the payment of funeral expenses, allowance to the family and expenses of administration. Recent authorities in harmony with this practice are *Estate of Babb,* 200 Cal. 252 [252 Pac. 1039], and *Estate of Daly,* 202 Cal.

284 [260 Pac. 296]. In *Estate of Babb,* the Supreme Court at page 260 said: 'Property bequeathed to a residuary legatee must be resorted to for the payment of the debts of the deceased, funeral expenses, and expenses of administration, prior to any resort being made to property specifically devised or bequeathed (Civ. Code, sec. 1359; Code Civ. Proc., sec. 1563).' In that case, as here, the special devise of the life estate to appellant was specific, whereas the bequest to the residuary legatees was general within the definition of section 1357 of the Civil Code. In the *Estate of Daly, supra,* at page 288, the Supreme Court reaffirmed the rule that a specific legacy is exempt from the payment of expenses of administration 'if there be other sufficient estate to satisfy them, and it was the intention of testator that the specific legacy be not so charged.' " Certainly no contrary intention is here expressed in the will; and it is quite obvious that the only reason the testator could have had in making a will at all was to make the specific devises to persons who would not otherwise have participated in his estate had he left no will; and after making such provision for them he left the major part of his estate to his heirs "according to the laws of succession of the State of California."

Respondents concede that section 750 is controlling where all parties taking under a will are kindred of the testator or all are non-kindred; but they contend that where as here a portion of them are kindred and a portion non-kindred, section 752 governs and if so that the provisions thereof require that all debts and expenses of administration shall be charged first to the legacies of non-kindred, before resort may be had to any of the estates bequeathed to kindred. There is no merit in the contention. Section 752 as it read at the time the will was executed, and upon which respondents rely, was as follows: "Unless a different intention is expressed in the will, abatement takes place *in any class only as between legacies of that class,* and legacies to a spouse or to kindred are chargeable only after legacies to persons not related to the testator." (Italics ours.) Assuming, as respondents contend, that the provisions of said section 752 apply to the payment of the debts of the estate and expenses of administration, as well as to abatement of legacies, it is clear that the plan of abatement provided for therein takes place with a preference to kindred only as between the legacies of the same class, as those classes are listed in section 161 of the Probate Code, namely, specific,

demonstrative, annuity, residuary, and general. In other words, if certain of the residuary legatees were related to the testator and others not, debts and expenses would be charged first against the interest of the residuary legatees who were not related, and not until such legacies were consumed in the discharge of debts and expenses would the residuary interest of kindred be charged. If the residue was insufficient and it was necessary to go into general and specific legacies, within those classes non-kindred would be charged first.

The foregoing view finds support in the decisions rendered in *Estate of Wever*, 12 Cal. App. (2d) 237 [55 P. (2d) 279], and *Estate of Apple*, 66 Cal. 432 [6 Pac. 7]. While the precise questions presented in those cases were not the same as the one here involved, the language used therein in interpreting the code sections now under consideration and their predecessors is pertinent to the situation here presented, and doubtless sustains appellants' contention that as to the payment of debts and expenses preference to relatives takes place only as between legatees of the same class. For instance, in the *Estate of Wever*, the court said: "Reading the sections as a whole, the reasonable interpretation is this: Section 750 makes all property of the estate liable for debts, expenses of administration, and family allowance, with the single exception of property covered by specific devises and legacies under certain conditions. The order in which the property is to be resorted to for that purpose is clearly defined, and no devise or legacy is exempt except as noted. . . . The reasonable interpretation of this section [752] is that abatement takes place equally between all legatees *of a certain class and cannot apply to one only of one class and one of another.* The 'class' mentioned in this section is any one of the five kinds of legacies stated and defined 'according to their nature' in section 161 of the Probate Code. . . . The obvious intention of the sections is that, 'unless a different intention is expressed in the will,' legacies to spouse and kindred shall be preferred over other legacies *of the same class* when the property is insufficient to pay all such legacies in full, but that all property of the estate shall be liable for the debts, expenses of administration and family allowance, with the single exception of the specific legacies and devises mentioned in section 750." In the *Estate of Apple*, in referring to former section 1361 of the Civil Code, which with section 1362 was the predecessor of section 752 of the Probate Code, it was

said: "... legacies to husband, widow, or kindred *of any class* are chargeable for debts only after legacies to persons not related to the testator. To this extent, and to this extent only, are legacies to husband, widow, or kindred given a preference over legacies *of the same class* to strangers." (All italics ours.) The decision in the Wever case will show that the court there refrained from deciding the related question of the apportionment as between the various legatees of the liability for debts, expenses and family allowances because the parties stipulated that such question was not involved in that proceeding. However, the language used in both decisions, in our opinion, may be taken as supporting the contention of appellants.

It is our conclusion, therefore, that the provisions of section 750 alone are here controlling, and that accordingly the property bequeathed to the residuary legatees is liable for the payment of the debts of the decedent and the expenses of administration. The order appealed from is therefore reversed, with directions to revise and re-enter the same in accordance with the views herein expressed.

Peters, P. J., and Ward, J., concurred.