## HALE v. ANGLIM.
### No. 22344.

District Court, N. D. California, S. D.

April 27, 1943.

**838**

L. W. Wrixon of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff sues to recover $3,757.93 which she claims she erroneously paid to defendant Collector as income tax for 1937. In her tax return plaintiff reported the sums of $6,230 and $5,450, representing dividends on stocks distributed to her upon a compromise agreement under the order of the State probate court, and by the trustee· of a testamentary trust respectively. The questions for decision are (1) whether the sum of $6,230, received as dividends by plaintiff, is exempt from taxation under § 22(b) (3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 22(b) (3), and (2) whether the sum of $5,450, also received as dividends, constitutes a taxable distribution from a testamentary trust.

Plaintiff is the widow of Prentis Cobb Hale, Sr., who died testate in San Francisco on November 21, 1936. He left surviving him his widow and their only child, Prentis Cobb Hale, Jr. Decedent's estate consisted of real and personal property of the value of about $2,000,000. His will was admitted to probate and plaintiff was appointed executrix and Prentis Cobb Hale, Jr., and A. P. Giannini were appointed executors and each qualified as such. Testator declared that he believed that all of the property he owned was his separate property, but provided that if any of his property should be found to be community property, "and if my said wife shall elect to take any portion thereof under the community laws of the state, then I direct that the property and estate hereinafter set apart in trust for her use during her lifetime be reduced in amount by the appraised value of the community property and estate which she shall elect to take."

Article thirteenth of decedent's will created a trust, the net income from which was to be paid to plaintiff during the term of her natural life with remainder over to decedent's and plaintiff's son, Prentis Cobb Hale, Jr., upon the death of plaintiff. The following described property was designated by article thirteenth to be held in trust:

(1) Home at 2430 Vallejo Street, San Francisco, California; (2) building at 2436 Vallejo Street, San Francisco, California; (3) a farm near Woodside, San Mateo, California; (4) a 2-acre tract of land at Shasta Springs, California; (5) 18,000 shares of capital stock of Hale Bros. Stores, Inc.; (6) 200 shares of capital stock of Hale Real Estate Company; (7) 200 shares of the capital stock of First National Bank of San Jose (this stock was disposed of by decedent prior to his death); (8) 8,000 shares of capital stock of Transamerica Corporation.

Plaintiff was dissatisfied with the terms of the will, asserting that a large portion of the property of the estate devised and bequeathed in trust by her late husband was property in which she had a community interest under the laws of California. A controversy about the matter between plaintiff and her son resulted in a compromise agreement, determining that the value of the community exceeded the sum of $680,000 and that the fair market value of one-half thereof to which plaintiff was entitled was in excess of $340,000.

As a result of the compromise agreement, dated June 18, 1937, only a portion of the property of the estate remained a part of the testamentary trust created by article thirteenth of the will. The property devised and bequeathed to the testamentary trust actually was distributed as follows:

To plaintiff under the terms of the compromise agreement: All of the real property referred to in Article Thirteenth; 8,000 shares of Hale Bros. Stores, Inc.; 2,000 shares of Transamerica Corporation; 150 shares of Hale Real Estate Company.

To Prentis Cobb Hale, Jr., as residuary legatee: 6,000 shares of Transamerica Corporation.

To the testamentary trustee under the trust created by article thirteenth of decedent's will: 10,000 shares of Hale Bros. Stores, Inc.; 50 shares of Hale Real Estate Company.

The income under discussion here is in two items. The first relates to the sum of $6,230 representing dividends collected on 6,000 shares of Hale Bros. Stores, Inc., 2,000 shares of Transamerica Corporation and 150 shares of Hale Real Estate Company. The stock of this item is a portion of the stock described in article thirteenth which testator sought to dispose of therein. The dividends amounting to $6,230 were collected by the executors of the estate and credited to the trust. Both the stock and the income were later distributed to plaintiff by virtue of the trust and the compromise agreement.

The executors did not pay the income tax on these dividends which they included in their tax returns for 1937, but they took a deduction, pursuant to section 162(c) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 162(c), which reads as follows: "In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

The second item relates to the sum of $5,450, representing dividends collected on 10,000 shares of Hale Bros. Stores, Inc., and 50 shares of Hale Real Estate Company. This stock is what remained of the property in the testamentary trust after plaintiff, through the compromise agreement, had carved out her share of the community. The income from this stock, in the amount named, had likewise been collected by the executors and credited to the trust. The income was distributed directly to plaintiff under the provisions of § 162(c) of the Revenue Act of 1936, supra, and consequently no income tax was paid upon it by decedent's estate. The payment was "allowed as an additional deduction in computing the net income of the estate or trust" for the taxable year.

As to the first item of $6,230, representing dividends received, plaintiff contends that it is exempt from taxation under the provisions of § 22(b) (3) of the Revenue Act of 1936 which provides in part:

"The following items shall not be included in gross income and shall be exempt from taxation: * * *

"Gifts, bequests, and devises. The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)."

Plaintiff further contends that the sum of $6,230 "represents an integral part of the total settlement in lieu of her claimed community interest and no distinction can be drawn between the principal portion of the settlement relating to real estate and securities and the accumulated dividends thereon under the principle established in Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 [119 A.L.R. 410]."

It should be kept in mind that we are here concerned only with dividends from shares of stock, which was income paid to plaintiff after her husband's death, following the probate of his will. All of the stock from which the income was derived was bequeathed in trust to a trustee for the use and benefit of plaintiff during her natural life. Upon the death of testator and the proof of the will the title to the stock was in the testamentary trustee subject to administration of the estate. The income derived from property held in trust relates back to the date of testator's death. Its status is fixed at that time, and the beneficiary is entitled to income derived from the specific property placed in trust.

McCaughn v. Girard Trust Co., 3 Cir., 19 F.2d 218, White v. Commissioner, 41 B. T. A. 525 and Fox v. Commissioner, 31 B.T. A. 1181. A specific bequest carries with it all accessions by way of dividends or interest that may accrue after the death of the testator. In re Estate of Daly, 202 Cal. 284, 287, 260 P. 296; 69 C.J. pages 401, 402, 1151, 1153. It is immaterial whether the dividends came from stock which originally was part of decedent's estate, or from stock accepted in lieu of a claimed community interest under a compromise agreement. After the admission of the will to probate, under the compromise agreement, plaintiff had released from the terms of the trust to herself in her individual capacity, certain property, a portion of which was income-producing stock here involved. In this instance she got both the stock and the income derived from it.

Plaintiff cites Lyeth v. Hoey, supra, as supporting her contention that the dividends she received were not taxable, but an examination of that case shows the facts are different from those in the present case. There the heir, by threatened litigation and compromise agreement, secured a settlement and distribution to him of property valued at $141,484.63, which was part of decedent's estate and was included in the estate's tax return. After the heir received the property the Commissioner of Internal Revenue treated the whole amount of value as income for the year in which it was received and levied an additional tax of $56,389.65. The court held that this was illegal; that what the petitioner "got from the estate came to him because he was heir, the compromise serving to remove pro tanto the impediment to his inheritance," and that the exemption applied.

The rule of Lyeth v. Hoey would apply here if the Commissioner had treated the whole of the property distributed to plaintiff in 1937, valued at $340,000, as income. But that he did not do. The property was part of decedent's estate upon which an inheritance tax was assessed and paid. Income or earnings from the property of the decedent's estate were not subject to an inheritance tax but to an income tax.

■ It seems clear to me that the dividends received by plaintiff from the stock of which she became the owner following her husband's death, either through compromise agreement followed by decree of distribution, or through testamentary trust, are taxable as income. Cf. Rosenberg v. Commissioner, 9 Cir., 115 F.2d 910.

Plaintiff did not receive the dividends by gift or bequest or devise or inheritance, § 22(b) (3) of Revenue Act of 1936, but she received them as income from property which had been distributed to her in the manner hereinbefore stated.

■ Plaintiff takes an equivocal position as to the second item of $5,450, representing dividends from stock remaining in the testamentary trust, which dividends were paid by the trustee to plaintiff during the taxable year. She states that she was not entitled to receive these dividends under In re Estate of Brown, 143 Cal. 450, 77 P. 160, and Clayes v. Nutter, 49 Cal. App. 148, 192 P. 870, and that the fact that she did receive $5,450 does not render it taxable to her under the decision in Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634.

What has been said under item one as to the status of trust property and income therefrom also applies here. The trustee made payment of the income to plaintiff as authorized by § 162(c) of the Revenue Act of 1936, supra. The cases cited are not in point and plaintiff's position is untenable.

Judgment will be in favor of defendant with costs.